SCHULZ, GEORGE E. (Ret.), Associate Judge.
The State of Florida brings this appeal, seeking review of an order of the trial court dismissing the cause and discharging the defendant for failure of the State to comply with the speedy trial rule. Florida Rules of Criminal Procedure 3.191.
The pivotal question determinative of this appeal is whether or not, under the facts of this case, the defendant was continuously available for trial within the meaning of Florida Rules of Criminal Procedure 3.191(e). We find he was not, and reverse.
The defendant was arrested on December 16, 1977 and was to be tried no later than June 14, 1978 in order to comply with the speedy trial rule. As a result of delays and continuances, not chargeable to the defendant, trial was ultimately set for the week of June 12, 1978. On the morning of June 12, defendant’s counsel appeared and announced he was ready for trial but that he was trying another case before another judge, which he said would be finished in two days. On that representation, the trial court postponed trial and requested that defense counsel check in with the court each morning. This defense counsel did on June 13 and 14, each time informing the trial judge he had not completed trial of his other case. Each day the trial court postponed trial; at no time did the defendant’s court-appointed counsel indicate to the court that anyone other than himself was to handle the trial of the cause. On June 15, defendant’s court-appointed counsel and another attorney (who was formerly associated with court-appointed counsel and had worked on the case) appeared before the trial court, claiming at that time that 181 days had passed since arrest and that the speedy trial rule had run. It was claimed at this time that the second attorney was available at all times to try the cause. Based on that allegation, the trial court entered the order appealed dismissing the cause and discharging the defendant for failure to grant a speedy trial.
Under these facts, it is evident that the defendant was not continuously available *1029 for trial within the meaning of Florida Rules of Criminal Procedure 3.191(e) and was not entitled to discharge. The record clearly shows trial was delayed to accommodate court-appointed defense counsel, who was unavailable for trial as he was down the hall trying another case. This accommodation was made without knowledge that someone else would be available to try the cause. The fact that court-appointed counsel was down the hall trying another case shows he was not continuously available for trial [State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976)], which cannot be cured by an after the fact representation that another attorney was available to handle the trial.
Accordingly, the order of dismissal is hereby reversed, and the cause is remanded to the trial court for further proceedings.
Reversed and remanded, with directions.