SCHWARTZ, Judge.
The trial judge discharged the defendant under the speedy trial rule and the state appeals. The record shows that when the case was timely called for trial within 60 days after the defendant had demanded a speedy trial under Fla.R.Cnm.P. 3.191(a)(2), the defendant’s attorney could not proceed at that time because he was in the midst of trying another case. It is well-established that, under these circumstances, the defendant may not be considered to have been “continuously available for trial” during the pertinent period and is therefore, by the express terms of Fla.R.Crim.P. 3.191(a)(2) and 3.191(e), not entitled to discharge. State v. McCoy, 369 So.2d 1027 (Fla. 3d DCA 1979); State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976); Savinon v. State, 277 So.2d 58 (Fla. 3d DCA 1973); cf. State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971). Accordingly, the order of discharge under review is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.