HENDRY, Judge.
The final judgment of conviction and sentence under review is reversed based upon improper joinder and denial of severance of these similar but separate criminal episodes and remanded with directions to separately retry the defendant for each of the six robberies. Fla.R.Crim.P. 3.151, 3.152; Paul v. State, 385 So.2d 1371 (Fla.1980); Rubin v. State, 407 So.2d 961 (Fla. 4th DCA 1981); McMullen v. State, 405 So.2d 479 (Fla.3d DCA 1981); Macklin v. State, 395 So.2d 1219 (Fla.3d DCA 1981).
We find no error, however, in the trial court’s denial of defendant’s motions for discharge under the speedy trial rule. The record clearly demonstrates that the defendant was not “continuously available for trial” as required by Florida Rule of Criminal Procedure 3.191 since at least three continuances prior to the initial trial were attributable to the defense, and the delay in retrying the defendant within ninety days[1] following a mistrial was a direct result of defense counsel’s involvement in trying another case. State v. Belcher, 372 So.2d 546 (Fla.3d DCA 1979) and cases cited; Roberts v. State, 371 So.2d 538 (Fla.3d DCA 1979); State v. McCoy, 369 So.2d 1027 (Fla.3d DCA 1979).
Reversed and remanded for further proceedings not inconsistent with this opinion.

. Commencement of the retrial was less than one month subsequent to the expiration of ninety days from the date the trial court declared a mistrial. Fla.R.Crim.P. 3.191(g).