449 So.2d 398 (1984)
STATE of Florida, Appellant,
v.
Edward Albert RYDER, Appellee.
No. 83-1010.
District Court of Appeal of Florida, Second District.
May 2, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellee.
LEHAN, Judge.
The state appeals from an order discharging defendant on speedy trial grounds. We reverse. We hold that defendant's pretrial waiver of speedy trial rights also applied to the ninety day period for retrial after a mistrial.
On September 8, 1981 defendant was charged with sale of marijuana. He was arrested on that charge two days later. On February 16, 1982, defendant obtained a continuance, explicitly waiving speedy trial rights. Defendant received a further continuance on July 7, 1982, reiterating his previous waiver of "all right to a speedy trial."
The trial began on September 29, 1982, but defendant was granted a mistrial on the second day of trial. Thereafter, on March 29, 1983, defendant filed a motion for discharge, alleging that more than ninety days had elapsed from the date of the mistrial and that discharge was appropriate under Florida Rule of Criminal Procedure 3.191(g). The trial court discharged defendant, and the state brought this appeal.
The state contends that defendant's waiver of speedy trial rights applied not only to defendant's right to be brought to trial initially within a certain period but also to the right provided in Rule 3.191(g) to be brought to trial within ninety days after declaration of a mistrial. Defendant argues that, despite a pretrial waiver, the running of the speedy trial time is recommenced by a mistrial just as by a demand for speedy trial under rule 3.191(a)(2) or a denial of a motion to discharge under rule 3.191(d)(3).
We have not found a Florida case that addresses the precise issue presented here. However, we believe that the defendant's pretrial waiver of his right to speedy trial applied through the trial phase of the proceedings, including a retrial after mistrial. See Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980). Cf. State v. Corlew, 382 So.2d 787 *399 (Fla. 2d DCA 1980) (waiver of speedy trial applicable where state files amended information charging a crime arising out of same criminal episode that formed basis of original information); State v. Trimel, 387 So.2d 528 (Fla. 4th DCA 1980) (waiver of speedy trial applies where state refiles information after nolle prosequi).
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
GRIMES, A.C.J., concurs specially.
SCHOONOVER, J., dissents with opinion.
GRIMES, Acting Chief Judge, concurring specially.
Under the principles of Butterworth v. Fluellen, when the defendant moved for a continuance he waived his right to rely upon the speedy trial rule but retained the right to reinvoke the rule by the filing of either a demand for a speedy trial or an unsuccessful motion for discharge. Since the defendant did not follow either of these procedures, the speedy trial rule remained inapplicable and subsection (g) never came into play. Therefore, in the absence of a showing that the defendant's constitutional right to a speedy trial was violated, the court erred in ordering the defendant's discharge.
SCHOONOVER, Judge, dissenting.
I respectfully dissent. Defendant's pretrial waiver of his speedy trial rights under rule 3.191(a)(1) did not apply to his right to be brought to trial within ninety days after declaration of a mistrial under rule 3.191(g).
I agree that once defendant moved for and was granted a continuance, he waived his right to a speedy trial under rule 3.191(a)(1). I do not agree, however, that a pretrial waiver can operate to waive a right that did not exist until a mistrial was declared. Once the trial court declared a mistrial, rule 3.191(g) became applicable and defendant acquired the right to be retried within ninety days of the order declaring a mistrial. State v. Jenkins, 389 So.2d 971 (Fla. 1981). This rule acts independently of the general 180-day limit of rule 3.191(a)(1). Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981). To extend the defendant's pretrial waiver to an independent right afforded him under rule 3.191(g) would be inconsistent with Durrance and Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980). In Fluellen, the supreme court recognized that a defendant's pretrial waiver cannot be applied to waive his rights under sections (a)(2) and (d)(3) of the speedy trial rule. Therefore, in the case sub judice, the defendant's pretrial waiver should not be applied to waive his right under section (g) of the rule.
Furthermore, regardless of defendant's waiver, rule 3.191(a)(1) was satisfied once defendant was brought to trial. State v. Musselwhite, 402 So.2d 1235 (Fla. 2d DCA 1981). Satisfaction of the rule in effect served to extinguish defendant's waiver of the rule. Because the waiver was extinguished, it cannot be applied to defendant's later acquired rights under rule 3.191(g).
If the defendant in the case sub judice had filed a motion for continuance after the trial court declared a mistrial, the time limit set forth in rule 3.191(g) would have become inapplicable. Rather, the time in which the defendant could be retried would have to be judicially determined in light of the particular circumstances of the case. State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1981). The defendant, however, did not move for a continuance after the declaration of mistrial and took no other action inconsistent with the application of the rule. Therefore, I would find the trial court properly discharged the defendant. See Williams v. State, 421 So.2d 663 (Fla. 3d DCA 1982).