452 So.2d 110 (1984)
STATE ex rel. Gloria Jean Gibson, Petitioner,
v.
R. Hudson OLLIFF, in His Capacity As Circuit Judge, Fourth Judicial Circuit, Duval County, Florida, Respondent.
No. AZ-346.
District Court of Appeal of Florida, First District.
June 6, 1984.
*111 Daniel A. Smith of Coxe, Schemer & Smith, Jacksonville, for petitioner.
Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This cause has been considered upon the Petition for Writ of Prohibition filed by petitioner, Gloria Jean Gibson. The court has considered the petition and the documents filed in this proceeding, heard argument of counsel, and considered the authorities cited by counsel for both parties. We have denied the petition by an order entered June 2, 1984, in which we stated that an opinion would follow. This opinion sets forth our reasons for the action taken.
Regarding petitioner's first argument, upon the limited review permitted by the remedy of prohibition we have determined that the petitioner has failed to demonstrate that her scheduled trial presently set for June 4, 1984, is barred by the constitutional prohibition against double jeopardy. Petitioner's contention in this regard is based on the assertion that in the course of her first trial on February 7, 1984, her counsel was forced to move for a mistrial because of the prosecutor's misconduct in knowingly failing to disclose to her counsel that a key witness for the prosecution had admitted to giving false testimony on his pretrial deposition taken by petitioner's counsel. Although the trial court granted the motion for mistrial on this ground, in denying petitioner's double jeopardy claim the trial court found that the prosecutor's non-disclosure of the admission to him by the State's witness was in violation of the discovery rule but was not willful and did not constitute prosecutorial misconduct. This finding, which we feel constrained to accept for the limited purpose of this application for prohibition, adversely disposes of petitioner's contention that the prosecutor's wrongful failure to disclose the false testimony was intended to provoke or "goad" petitioner into moving for a mistrial.[1] See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. *112 2083, 72 L.Ed.2d 416 (1982); Sherrod v. Franza, 427 So.2d 161 (Fla. 1983).
We have further determined that petitioner has failed to establish that her right to speedy trial under Rule 3.191(g), Florida Rules of Criminal Procedure, has been violated. The petition for prohibition discloses that prior to her February 7, 1984 trial which resulted in a mistrial, she executed a waiver of her right to speedy trial. Since neither the petition nor the appendix filed contemporaneously therewith set forth the text of the written waiver, this court ordered petitioner to supplement her petition by filing a copy of the waiver. Upon examination, we note that the written waiver, filed in the lower court on March 14, 1983, waives all rights to speedy trial under Rule 3.191, Florida Rules of Criminal Procedure, and under the constitutions of the United States and the State of Florida. The waiver is signed by petitioner, her counsel and by the assistant state attorney, and was also approved and signed by the trial judge. The waiver recites upon its face that it is "unlimited." The trial court, in ruling upon petitioner's motion for discharge on speedy trial grounds, found that this waiver of speedy trial was "unlimited," and we agree. Insofar as the characterization of petitioner's waiver is based upon findings of fact, this court on petition for prohibition urging violation of the right of speedy trial is bound by the trial court's findings. Sherrod v. Franza, supra.
Apparently, only one appellate court in Florida has thus far had occasion to rule upon the question whether a speedy trial waiver executed and filed prior to trial carries over after a trial which results in a mistrial, and thus operates as a waiver of all speedy trial rights under the rule, including the provisions of subdivision (g), Rule 3.191, which provides that retrial after a mistrial shall be held within ninety days. In State v. Ryder, 449 So.2d 398 (Fla. 1984) [9 FLW 1014], opinion filed May 2, 1984, the Second District ruled that a written waiver operates to bar the assertion of the right to discharge under Rule 3.191, even though the defendant was not brought to trial within ninety days following a mistrial. The exact language and terminology employed in the written waiver dealt with in the Ryder case is not set forth in the opinion. However, we think that the waiver in this case is clearly and unequivocally an unlimited waiver which under the particular facts shown, operated to preclude the defendant's reliance upon the speedy trial rights conferred by Rule 3.191. Petitioner has failed to demonstrate that her waiver was limited to the period preceding the commencement of her trial, or that in the interim, she took any action that may be considered as a withdrawal or repudiation of the waiver, until such time as she moved for discharge after the ninety day period under Rule 3.191(g) had expired. On the contrary, as demonstrated by counsel for respondent at oral argument before this court, subsequent to the mistrial, petitioner's counsel filed in the court below a document (Defendant Gibson's Response to Order of February 27, 1984, Relating to Discovery and Trial) which acknowledged and reaffirmed the existence of the unlimited waiver filed by petitioner, and by implication, its continued effectiveness. This circumstance provides adequate support for the trial court's ruling, which we find to be correct.
In view of our holding on the waiver issue, it is unnecessary for us to consider respondent's additional contentions, supported with further references to the record below, that subsequent to the mistrial petitioner's counsel entered into further agreements or otherwise consented to extension of the speedy trial rule by stipulations and agreements made in open court and approved by the trial judge, thus satisfying the requirements of subdivision (d)(2), Rule 3.191.
Accordingly, the Petition for Writ of Prohibition was DENIED.
SMITH, JOANOS and ZEHMER, JJ., concur.
NOTES
[1] The entire record of proceedings below is not before us in this prohibition proceeding and, of course, we cannot review this finding as would be the case on a plenary appeal from final judgment of conviction.