617 So.2d 350 (1993)
STATE of Florida, Petitioner,
v.
Douglas Paul FRAZEE, Respondent.
No. 91-2765.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for petitioner.
*351 C. Edward McGee, Jr., Dykema Gossett, Fort Lauderdale, for respondent.
DOWNEY, JAMES C., Senior Judge.
The State of Florida has perfected this appeal to review the issuance of a writ of prohibition by the circuit court directed to the county court wherein that court had denied Douglas Paul Frazee's motion for discharge under the speedy trial rule. We believe this matter is properly reviewed by this court under Florida Rule of Appellate Procedure 9.030(b)(2)(B) and thus we treat it as a petition for writ of certiorari.
Frazee was charged in the county court with driving while under the influence and his trial was ultimately set for April 28, 1987, which was two days before the speedy trial time expired. On the trial date Frazee's counsel appeared before the county judge and advised him that he was ready for trial but that he could not appear for trial because he was involved in a trial before another judge and would not conclude in time to commence trial in the present case. The trial judge then announced that he would continue the case until a later date and charge the continuance to Frazee. Counsel advised he was not requesting a continuance and did not want it charged to his client because he was precluded from being present by the judge in his other case. Nevertheless, this case was continued past the speedy trial date. Frazee then moved for discharge and upon denial thereof he appealed to the circuit court. That court treated the appeal as a petition for writ of prohibition, granted the writ and ordered Frazee discharged. From that decision the state has filed a plenary appeal in this court which we now consider as a petition for writ of certiorari.
We look to rule 3.191(d)(3), Florida Rules of Criminal Procedure, for instruction as to when a motion for discharge should be granted for violation of the speedy trial rule. The rule provides that a pending motion for discharge shall be granted unless it is shown that "(ii) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel, or (iii) the accused was unavailable for trial under section (e)... ." Section (e) provides that a person is considered unavailable for trial when "the person or his counsel is not ready for trial on the date trial is scheduled."
Frazee contends that neither he nor his counsel ever requested any type of delay. Technically, that is true. But the facts of this case show that defense counsel left the trial court with no other alternative other than to order a continuance. The trial had been set for more than two weeks to start on April 28. That morning, defense counsel appeared and announced, for the first time, that he could not try the case because he was scheduled for trial before another judge. Counsel refused, however, to request a continuance on behalf of his client. He placed the responsibility for his unavailability on the State, because it was another judge who prevented him from being present for trial. He rejected a suggestion that the case be tried later that night because he would be fairly well exhausted by that time.
This rule has been construed to mean that any defense request to postpone a case is a motion for a continuance waiving speedy trial rights regardless of its characterization. Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA), rev. denied, 467 So.2d 999 (Fla. 1985); accord State v. (Buster) Brown, 412 So.2d 448 (Fla. 5th DCA 1982); State v. (Michael) Brown, 394 So.2d 218 (Fla. 5th DCA 1981). But more in point are State v. McCoy, 369 So.2d 1027 (Fla. 3d DCA 1979), and State v. Belcher, 372 So.2d 546 (Fla. 3d DCA 1979). In each case the defendant's counsel advised the court that he was ready for trial but could not be present because he was trying another case before another judge. The holding in each case was that the defendant could not be considered available for trial during the pertinent period and thus waived the right to speedy trial. Thus, without belaboring the point further, we believe the trial judge's ruling denying Frazee's motion for discharge was correct. Regardless of his counsel's refusal to expressly request a continuance and his statement that he was ready for trial, his involvement *352 in the trial of another case at that time precluded the defendant from being ready for trial within the meaning of the rule.
We therefore conclude that the trial court correctly denied Frazee's motion for discharge and the circuit court committed error in granting prohibition and ordering Frazee's discharge.
Turning now to the more difficult question, we must decide if this court can or should reach the issue presented in view of the limited review granted in certiorari. While acknowledging that the question is debatable, we believe that certiorari should be granted and the matter reviewed.
In Combs v. State, 436 So.2d 93 (Fla. 1983), the supreme court pointed out that the parameters of district court of appeal review in the present case "should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure." Rather, the court held that the district court "should not be as concerned with the mere existence of legal error as much as with the seriousness of the error." The error should constitute a departure from the essential requirements of law and, as the court put it in Combs, the district courts should exercise their discretion only where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
In the present case we are dealing with a ruling discharging a defendant charged with a crime; a ruling which departs from the precedential constructions of the speedy trial rule. It therefore seems to us that in this posture, we are dealing with the violation of a clearly established principle of law resulting in a miscarriage of justice. Combs teaches that the district court should exercise its discretion in favor of granting certiorari in this instance.
Accordingly, we grant the petition for writ of certiorari filed by the State of Florida and quash the writ of prohibition issued by the circuit court.
GLICKSTEIN, C.J., concurs.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
Frazee was charged by information with driving while under the influence, and his case was scheduled for trial in the County Court for Broward County two days before the speedy trial time limit would have run. On the day of trial, his counsel appeared before the County Court and advised the judge that he was still in a jury trial before another judge. Over his protest, the judge charged a defense continuance and reset the trial for a later date.
Some time before the new trial date, Frazee moved for a discharge, alleging a violation of his speedy trial rights. The County Judge denied the motion, which Frazee appealed to the circuit court. The Circuit Judge assigned to the case[1] treated the appeal as a petition for a writ of prohibition. After considering the briefs of the parties, the circuit judge granted the writ, finding under the circumstances a violation of Frazee's speedy trial rights. The State has since filed a notice of appeal in this court.
Although the parties themselves have not raised it, I believe that we are confronted with a jurisdictional problem. This case has proceeded in this court as an ordinary appeal under rule 9.110, Florida Rules of Appellate Procedure. Yet, rule 9.030(b)(2)(B) provides as follows:
(b) Jurisdiction of District Courts of Appeal.
(2) Certiorari Jurisdiction. The certiorari jurisdiction of district courts of appeal may be sought to review * * * (B) *353 final orders of circuit courts acting in their review capacity.
This provision calls into question whether our authority to review this decision of the circuit court is limited to common law certiorari, rather than plenary appeal.
Indisputably, writs of prohibition are obtainable in the circuit courts in original proceedings under rule 9.100. This rule evidences, to me, an intent to permit merely the quite limited form of common law certiorari review by a district court of orders of the circuit courts which, though arising from extraordinary remedies like prohibition, are essentially similar to the "appeal" kind of review, rather than purely original proceedings. The issue in this case might thus be framed as follows:
Were the words "acting in their review capacity" in rule 9.030(b)(2)(B) intended actually to have the narrower meaning of "acting in their capacity to review by appeal final judgments of the county courts?
Neither section 924.06, Florida Statutes (1991), nor rule 9.140(b)(1) contain any provision for a defendant to take an immediate appeal from a pretrial order denying a speedy trial discharge, as this defendant did. Hence, a defendant could properly get review of a denial of a speedy trial discharge as a matter of right only in connection with an appeal from a final judgment of conviction and sentence.
In spite of occasional supreme court statements that writs of prohibition cannot be used to review decisions in criminal cases where a defendant has an adequate remedy by appeal, see e.g., Sparkman v. McClure, 498 So.2d 892 (Fla. 1986), it has nevertheless allowed the writ to become a substitute for plenary review where a final appeal would be too little and too late. In Harrison v. Murphy, 132 Fla. 579, 181 So. 386 (Fla. 1938), the court made clear that, even though prohibition will not lie when the usual and ordinary form of remedy by appeal is sufficient to afford redress, when an appeal is entirely inadequate or insufficient, prohibition will be appropriate.
One of the classic uses for prohibition has now become speedy trial discharges. See Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), where the court took the trouble to observe:
Prohibition will not lie until the defendant has first made a motion for discharge to the trial court and this motion has been denied. Any factual question should be determined at this hearing, and upon collateral attack by prohibition the findings of fact made by the trial court become conclusive. * * *
* * * By the same token, a crowded docket at the appellate level should not be used as a reason for denying defendant the right to review, rapidly, a decision of the trial court, determining this constitutional right.

Furthermore, it is a useless expenditure of time and money to engage in a trial where defendant is entitled to discharge. A trial involves the time of judges, public defenders, state attorneys, jurors, witnesses, and many court official incident to the operation of the courtroom. In our opinion the remedy by prohibition is a speedy and efficient one. [e.s.]
427 So.2d at 164. See also Lowe v. Price, 437 So.2d 142, 143. (Fla. 1983) (prohibition proper remedy to halt trial court proceedings where accused has been denied right to speedy trial "and his motion for discharge has been denied" [e.s.]). Thus, the circuit court properly treated defendant's appeal of the denial of speedy trial discharge as a petition for prohibition.
There can be no doubt that this kind of prohibition is plainly a form of review, and is not a pure original proceeding in an appellate court designed to obtain a judicial ruling in the first instance to establish or vindicate a particular claim of right. It is a review by a higher court of a decision made by a lower trial court not to grant the defendant a speedy trial discharge. It is a review for both the convenience of the state as well as the defendant. The state, its court personnel and its purse, are all saved from the waste and duplication that an unnecessary trial would bring. The defendant is granted the full measure of his right to a speedy trial without having to *354 endure the patent rigors, not to mention his own expenses, of the trial before he can have a higher court review the denial of that right. I, therefore, have no trouble in concluding that the circuit court's consideration was a form of review covered by rule 9.030(b)(2)(B)'s locution, "final orders of circuit courts acting in their review capacity."
While the statutes and rules of appellate procedure do not define or explain the kind of common law certiorari review we should give to this case or distinguish it from final plenary review, the supreme court has done so for us. Combs v. State, 436 So.2d 93 (Fla. 1983), is especially apt; for it involved an unusually analogous situation to the one we face today. There, defendant was charged, as here, with driving under the influence. During the course of his trial, the court admitted into evidence testimony as to what defendant asserted was the inadmissible content of an accident report.
On an appeal to the circuit court, he argued that the admission of the testimony was reversible error. The circuit court affirmed, saying that the statute prohibited only the accident report itself but not its content from coming in by testimony of the police officer who prepared it. The district court then denied defendant's petition for common law certiorari review of the circuit court decision. It concluded that its review of such circuit court decisions was limited to cases in which the circuit court decision effectively denied appellate review, giving as examples the following:
such as the circuit judge rendering a decision without allowing briefs to be filed and considered, a circuit judge making a decision without a record to support the decision * * * or the circuit court dismissing an appeal improperly.
436 So.2d at 94.
In reviewing the district court decision, the supreme court found the district court's view of such certiorari review too narrow and explained what was intended. The essence of this kind of review is a "departure from the essential requirements of law." 436 So.2d at 95. That phrase, the court explained, "should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure." Id. It distilled what it meant to these words:
In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.

It is this discretion which is the essential distinction between review by appeal and review by common law certiorari. [citation omitted] A district court may refuse to grant a petition for common law certiorari even though there may have been a departure from the essential requirements of law. [citation omitted] The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal. [e.s.]
436 So.2d at 95-6. The court went on to conclude that the district court did not err in denying common law certiorari in that case, even though the trial judge had committed error in admitting the testimony and in holding that the defendant was not obliged to disclose to the investigating officer that he was the driver of the parked car. 436 So.2d at 96.
Applying these principles to this case, I think that we are required to treat the appeal papers as a petition for common law certiorari and deny the writ. In his written opinion below, the circuit judge rejected the state's argument that any delay of trial attributable to the defendant acts as a motion for a continuance and waives speedy trial rights. The circuit court concluded from the proceedings and findings in the *355 county court that defense counsel had made known to the trial court his availability to try the matter before the time for speedy trial ran on April 30th. The circuit judge pointed out that counsel had merely requested that trial not begin on April 28th because he would be in trial all of that day before another judge. In other words, the county judge could have begun trial on April 29th or even April 30th, or within the speedy trial deadline.
Even assuming that there was some error in the circuit judge's analysis, which I doubt, I am unable to perceive any basis for exercising our limited discretion under Combs. I do not really see any departure from the essential requirements of law, much less anything so serious as to require that we give the parties what amounts to a second appeal to review a routine kind of speedy trial determination. Two courts are quite enough for this kind of thing; I do not see the need for a third. Indeed I daresay that granting such review in the situation presented threatens to make illusory the circuit court's appellate jurisdiction over final orders of the county courts.
I therefore dissent from the court's decision today.
NOTES
[1] In the Seventeenth Judicial Circuit, appeals from the County Court to the Circuit Court sitting in its appellate capacity are assigned to a single judge, rather than a panel of three. In the attempted appeal to this court, the State makes no challenge to this practice of a single circuit judge undertaking review proceedings as a denial of due process. Nor does the State suggest that the single judge practice violates any other provision of the state constitution. Accordingly, I assume without deciding that there is nothing improper about a single judge exercising the review powers of the circuit court, as opposed to a panel of three.