PER CURIAM.
The appellant appeals a denial of his petition for a writ of prohibition, claiming that the trial court erred by failing to grant the defendant’s motion for discharge under the speedy trial rule. We affirm.
Miguel Lopez was arrested in May of 1992 for driving under the influence, and was appointed a public defender to represent him. On the day of trial, the last day of the speedy trial period, the court was informed that the defendant was represented by a private at *338 torney for an identical, although unrelated, case pending that day before the same court. The defendant’s private counsel was present, and the trial court inquired whether he was being paid by the defendant. The private counsel answered that the defendant was indeed paying him for his services.
The state then offered to drop one of the two cases in return for the defendant pleading to the other. The defendant refused. After accepting the defendant’s refusal, the court then discharged the public defender without objection by the defense, informing the defendant that because he could afford the services of a private attorney, he was not eligible for the free services of the public defender. The defendant stated that he wanted his private attorney to represent him in both cases. The court continued both of the defendant’s cases, charging the continuance of the present case to both the State and the defense. Thereafter, the defendant filed a motion for discharge, arguing that the trial court improperly discharged the public defender without making inquiry into the defendant’s ability to afford private counsel. The defendant further argued that charging the defendant with a continuance when his public defender had been improperly discharged cannot excuse the State from prosecuting the defendant within the speedy trial period. The court denied the motion for discharge and this appeal ensued.
Reviewing the record, it is clear that the public defender was discharged because the defendant had hired private counsel to represent him in a separate, although identical, action. It was not error for the court to discharge the public defender without further inquiry into the defendant’s financial circumstances; the record reveals that the court explained its action to the defendant, gave the defendant the opportunity to contest that action, and the defendant responded that he wanted his private counsel to represent him. Although the defendant faced the possibility of a prison sentence for both DUI offenses, at no time was the defendant left unrepresented. Cf. Porteous v. State, 582 So.2d 130, 131 (Fla. 2d DCA 1991) (trial court did not properly determine indigency, nor gave the defendant an opportunity to be heard before terminating the appointment of the public defender); Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981) (defendant was left unrepresented during critical stages of his criminal prosecution). The appellant’s contention that the trial court punished the defendant for not accepting the plea offer by discharging the public defender is without merit.
Once the trial court determined that the defendant had the financial ability to hire legal counsel, the trial court properly continued the trial to give the defendant an opportunity to secure representation, thus tolling the speedy trial period. State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993). It was not error to charge this continuance partly to the defense when it clearly appeared that both the defendant and the defense would not be able to immediately proceed with the trial. Id. The court also properly charged the continuance partly to the State, because of the State’s dilatory, but non-prejudicial, provision of discovery materials to the defense. State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA 1984).
We conclude that the trial court correctly denied the defendant’s motion for discharge and affirm the circuit court’s denial of the defendant’s petition for writ of prohibition.