689 So.2d 1229 (1997)
Peter R. KOSHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1148.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Peter Koshel pleaded no contest to one count of misdemeanor stalking, reserving the right to appeal the denial of his motion for discharge. Koshel contends that the trial court erred in holding that Florida Rule of Criminal Procedure 3.191(m), a speedy trial provision, was inapplicable to Koshel's case based on his pre-trial waiver of speedy trial. We affirm.
Koshel was charged with two counts of aggravated stalking pursuant to section 784.048, Florida Statutes (1993). Pre-trial, Koshel waived his speedy trial rights and challenged the constitutionality of the stalking statute. Although successful in the trial court, Koshel lost at the appellate level, State v. Koshel, 636 So.2d 598 (Fla. 5th DCA 1994), *1230 affirmed, 659 So.2d 232 (Fla.1995), and was unsuccessful in his attempt to have the United States Supreme Court review his case. Bouters v. Florida, ___ U.S. ___, 116 S.Ct. 245, 133 L.Ed.2d 171 (1995) (denying Koshel's petition for writ of certiorari).
Over five months after the United States Supreme Court denied review, Koshel filed a pro se motion for discharge in the trial court. He argued, inter alia, that he was entitled to be discharged pursuant to rule 3.191(m) because more than 90 days had passed since the United States Supreme Court denied review and he had not yet been brought to trial. The trial court denied the discharge motion, reasoning that rule 3.191(m) is not intended to apply if the speedy trial clock is not also ticking.
Rule 3.191(m) "Effect of Mistrial; Appeal; Order of New Trial" provides:

A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
(Emphasis added).[1] Citing this language, Koshel argues that there is no requirement his previous speedy trial waiver be revoked in order to trigger the 90-day window for trying him post-appeal. We disagree.
A waiver of speedy trial waives all provisions of the speedy trial rule, including the 90-day provision of rule 3.191(m), unless otherwise specified in the written waiver. Thus, Koshel's pre-trial waiver waived the 90-day period established in rule 3.191(m). See State v. Ryder, 449 So.2d 398 (Fla. 2d DCA), pet. for rev. denied, 456 So.2d 1182 (Fla.1984) (holding that waiver of speedy trial applies throughout the trial phase of the proceedings, including a retrial after mistrial); State ex rel. Gibson v. Olliff, 452 So.2d 110 (Fla. 1st DCA 1984) (holding that once a defendant has waived his speedy trial right, the waiver operates to bar the assertion of the right to discharge under rule 3.191 even though the defendant was not brought to trial within 90 days following a mistrial). Accordingly, we hold that the trial court correctly denied Koshel's discharge motion.
AFFIRMED.
W. SHARP, and ANTOON, JJ., concur.
NOTES
[1] Rule 3.191(m) applies to delays of trial caused by appeal. State v. Rohm, 645 So.2d 968 (Fla. 1994).