PER CURIAM.
Marcus Williams appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, wherein he raised five issues. After considering the state’s response to our order to show cause, we affirm the denial of *735 grounds two through five without comment, but reverse and remand the denial of ground one, because the materials the trial court attached to the final order do not refute Williams’s prima facie claim that his trial counsel was ineffective for failing to file a demand for speedy trial upon Wilhams’s request.
Florida Rule of Criminal Procedure 8.191(b) provides defendants the right to demand a speedy trial within 60 days after being taken into custody. Williams alleged in his motion that he was arrested on July 18, 1997, and he attached a letter showing that he informed the Public Defender’s Office on August 7, 1997, that he would be representing himself, but asked who standby counsel would be so that he could request that counsel make a demand for speedy trial. He also attached a letter dated September 9, 1997, that he had sent to a Mr. Sheffield (presumably with the Public Defender’s Office) asking him to file a demand for speedy trial. Williams claimed that because counsel failed to file either a demand for speedy trial or motion for discharge, Williams filed a motion to discharge his defense counsel. The trial court refused to appoint another attorney, but eventually allowed Williams to represent himself. Williams claims he was thus prejudiced by counsel’s incompetence because he was forced to go to trial without experienced counsel, and the state was able to delay his trial for two years.
The trial court summarily rejected Williams’s claim for the reason that he was permitted to represent himself on August 4, 1998, and the trial court had thereafter heard his motion alleging expiration of the time for speedy trial and then set his case for trial. The transcripts of the Faretta[1] hearing on August 4, 1998, and the speedy-trial hearing on August 20, 1998, when Williams was representing himself, do not address his allegation that he had asked his attorney to file a demand for speedy trial the year before and that counsel had failed to do so. The trial court also concluded that Williams had waived his speedy-trial rights when defense counsel was reappointed on August 21, 1998, attaching a docket sheet which states that Williams waived his right to speedy trial on that date. The court did not attach the written waiver itself, so we cannot presume that this waiver applied to Williams’s entire proceeding since his arrest. See, e.g., State ex rel. Gibson v. Olliff, 452 So.2d 110 (Fla. 1st DCA 1984) (stating that the petitioner waived all rights to speedy trial under rule 3.191 and the U.S. and Florida constitutions, by her “unlimited” written waiver, which thus carried over after her mistrial).
On remand, the trial court should either attach portions of the record that conclusively refute Williams’s claim, or hold an evidentiary hearing. See, e.g., Waldburg v. State, 644 So.2d 608 (Fla. 1st DCA 1994); Hankins v. State, 677 So.2d 112 (Fla. 4th DCA 1996).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
ERVIN, BARFIELD and LEWIS, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).