LaROSE, Judge,
Concurring.
Joe Bryant challenges the judgments and sentences imposed upon him after a retrial. He raises four claims, none of which require a reversal. Although I concur in the court’s affirmance, I write to address Mr. Bryant’s claim that his retrial violated the speedy trial rule. See Fla. R.Crim. P. 3.191(m).
Mr. Bryant was originally charged with sexual activity with a child by a person in familial or custodial authority; handling or fondling a child under sixteen in a lewd, lascivious, or indecent manner; and showing obscene material to a minor. Mr. Bryant waived his right to a speedy trial on these charges. A jury convicted Mr. Bryant. We ordered a new trial. Bryant v. State, 787 So.2d 904 (Fla. 2d DCA 2001).
Thereafter, Mr. Bryant notified the trial court of his whereabouts and availability for retrial. He was not retried within ninety days of the issuance of our mandate. He filed a notice of expiration of the speedy trial period and moved for discharge. The trial court denied the motion, relying on State v. Ryder, 449 So.2d 398 (Fla. 2d DCA 1984) (holding that pretrial waiver of speedy trial rights also applied to ninety-day period for retrial after mistrial), and Koshel v. State, 689 So.2d 1229 (Fla. 5th DCA 1997) (holding that waiver of speedy trial waives all provisions of speedy trial rule, including those provided by rule 3.191(m)).
On its face, Florida Rule of Criminal Procedure 3.191(m) required the State to retry Mr. Bryant within ninety days of the issuance of our mandate. Because Mr. Bryant waived his speedy trial rights prior to the first trial, Ryder and Koshel compel an affirmance of the trial court’s order denying Mr. Bryant’s motion for discharge.
Were we writing on a clean slate, I would be inclined to conclude that a defendant’s speedy trial rights spring anew upon the issuance of an appellate mandate ordering a new trial. In my view, rule 3.191(m) acts independently of the general speedy trial rule. Thus, issuance of an appellate mandate triggers a new ninety-day speedy trial right, regardless of an earlier speedy trial waiver. See Ryder, 449 So.2d at 399 (Schoonover, J., dissenting) (citing Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981)).
Such a reading of rule 3.191(m) recognizes that a defendant’s right to a new and speedy trial arises only because an appel *332 late court mandate created that right. Moreover, such a reading provides a bright-line test for measuring the period in which the State must retry a defendant after an appeal.
I recognize that a defendant may reassert his right to a speedy trial under rule 3.191(p). Mr. Bryant unsuccessfully made that attempt here. Our record, however, demonstrates that reasserting that right in the context of a retrial following appeal can prove exceedingly time-consuming, complex, and inefficient. Nevertheless, in light of Ryder and Koshel,' Mr. Bryant is bound to the consequences of his earlier speedy trial waiver.