NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,                          )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D14-1885
                                           )
CIARAN E. LACHLAN TEMPLAR-O'BRIEN,         )
                                           )
            Appellee.                      )
 _____ )

Opinion filed September 4, 2015.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta and
Samantha L. Ward, Judges.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellee.


CASANUEVA, Judge.

        The State of Florida appeals an order dismissing charges against Mr.

Templar-O'Brien based on Florida's speedy trial rule set forth in Florida Rule of Criminal

Procedure 3.191.  We conclude that the trial court erred in granting Mr. Templar-

O'Brien's motion for discharge and reverse.

## I. Procedural History

On July 19, 2013, Mr. Templar-O'Brien was charged by information with aggravated stalking, aggravated stalking while under an injunction, violation of a stalking injunction, trespass, and giving a false name to a law enforcement officer. His trial was originally set for mid-October 2013, but on October 7, Mr. Templar-O'Brien moved for a continuance and specifically waived his right to a speedy trial. Although a trial on the charges began on December 17, 2013, a mistrial was declared based on Mr. Templar-O'Brien's request.

On December 31, 2013, Mr. Templar-O'Brien filed a pro se notice of expiration of speedy trial. A pretrial hearing was held on January 7, 2014, and the initial trial judge brought up the pro se notice.[1] Defense counsel stated that he "would not be adopting that." Another hearing was held on January 9, 2014, and the trial judge noted that the case was set for trial on the following Monday, January 13. The State moved to continue this trial date based on the unavailability of a witness, and the trial judge denied the motion. Mr. Templar-O'Brien also moved to discharge his attorney and represent himself and his motion was granted.

On the morning of January 13, the State again requested a continuance based on the unavailability of a witness and the request was again denied. The State then announced that it was going to nolle pros the case. Later that same day, the State refiled the information and alleged the same offenses.

On January 29, 2014, Mr. Templar-O'Brien filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.191. He alleged that at the hearing on

---

[1]A different trial judge was later assigned to the case in April 2014.

January 7, the trial judge sua sponte ordered that the notice of expiration of speedy trial would be treated as a demand for speedy trial under rule 3.191. The transcript of the hearing shows that this allegation is inaccurate--the trial judge never ordered that the notice of expiration of speedy trial be treated as a demand for speedy trial. Mr. Templar-O'Brien's motion also incorrectly alleged that he had not previously waived his right to a speedy trial. The trial judge denied the motion to dismiss on January 30, 2014.

Thereafter, on Friday, March 18, Mr. Templar-O'Brien filed a motion for discharge based on rule 3.191, a notice of expiration of speedy trial based on rule 3.191(m), and a demand for discharge based on rule 3.191(b)(4). He again incorrectly alleged that the trial court treated his December 31 notice of expiration of speedy trial as a demand for speedy trial.

A hearing was held on Mr. Templar-O'Brien's pleading on the following Thursday, March 24, and the trial judge ruled that pursuant to rule 3.191(m), Mr. Templar-O'Brien should have been brought to trial within ninety days of the mistrial, which would have been March 17, 2014.[2] The trial judge attempted to set the case for trial on the following Monday, March 31, which was within the ten-day period required by rule 3.191(p)(3).

On Monday, March 31, Mr. Templar-O'Brien noted that he had filed a motion to recuse the trial judge that morning. The trial judge granted his motion.

---

[2]As discussed later, this was not required because a demand for speedy trial has never been filed.

A successor trial judge was assigned to the case and at a hearing on April 3, 2014, she granted Mr. Templar-O'Brien's motion for discharge. The successor trial judge ruled as follows:

> I find that [the initial trial judge] treated the Notice of Expiration of Speedy Trial as a Notice of Expiration of Speedy Trial that was filed with the clerk on the 18th of March; gave him a hearing date within the five days envisioned by Rule 3.191, and held a hearing on the 24th; set the case within ten days, which was the 31st. A Motion to Recuse the judge was filed on the 31st.
>
> The case was reassigned by blind rotation to this division. We have jury panels in Hillsborough County only available on Mondays, but I was here on Monday on the 31st, picking juries, so I was available to pick a jury. It's the State's obligation to ensure that the Notice of Expiration of Speedy Trial is fulfilled and it's the State's obligation to ensure a jury panel.
>
> Now, speedy trial has run; we are past day ten, after the hearing. He has not been brought to trial. The Motion for Discharge is granted.

## II. Waiver of Speedy Trial, Mistrial, and Nolle Pros

We conclude that the successor trial judge erred in granting the motion for discharge for several reasons. First, Mr. Templar-O'Brien specifically waived his right to a speedy trial on October 7, 2013. The motion to continue filed on that day specifically states, "Counsel has consulted with the Defendant who has no objection and understands that speedy trial is waived upon the granting of this motion."

This waiver of speedy trial continued to apply after the mistrial was ordered. Rule 3.191(m) states when a defendant is to be tried again, "the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court" and that if the defendant is not brought to trial within ninety days, the

- 4 -

defendant is entitled to the remedy described in subsection (p). Rule 3.191(p)(1) provides that a defendant is not entitled to relief until the trial court has examined subsection (j), which provides that a pending motion for discharge should not be granted where the failure to hold trial is attributable to the accused. Here, a trial continuance was attributable to Mr. Templar-O'Brien.

In State v. Ryder, 449 So. 2d 398, 398-99 (Fla. 2d DCA 1984), this court held "that the defendant's pretrial waiver of his right to speedy trial applied through the trial phase of the proceedings, including a retrial after mistrial." See also Koshel v. State, 689 So. 2d 1229, 1230 (Fla. 5th DCA 1997) (holding that appellant's pretrial waiver of his speedy trial rights waived the ninety-day period established in rule 3.191(m) because a waiver of speedy trial waives all provisions of the speedy trial rule unless otherwise indicated in the written waiver); State ex rel. Gibson v. Olliff, 452 So. 2d 110, 112 (Fla. 1st DCA 1984) (same). Therefore, because Mr. Templar-O'Brien waived his right to a speedy trial, he was not entitled to the remedy in subsection (p) when the ninety-day period expired.

Further, the waiver of speedy trial continued to apply after the State nolle prossed the information on January 13 and refiled it on the same day. "[W]hen a defendant has by obtaining a continuance waived his speedy trial rights under Rule 3.191, Florida Rules of Criminal Procedure, and the information is nolle prossed, the waiver carries over and is effective under the refiled information." State v. Condon, 444 So. 2d 73, 74 (Fla. 4th DCA 1984); see also Stewart v. State, 491 So. 2d 271, 272 (Fla. 1986) ("The state could not have violated rule 3.191(h)(2) by nol prossing the information when the defendant had already waived his rights under the rule.").

Nevertheless, even though Mr. Templar-O'Brien had waived his right to a speedy trial, he could "start the clock running again" by filing a demand for speedy trial under rule 3.191(b). State v. Burgess, 153 So. 3d 286, 288 (Fla. 2d DCA 2014).[3] Here, Mr. Templar-O'Brien has never filed a demand for speedy trial. Therefore, he was not entitled to relief under rule 3.191.

### III. Order Granting Motion for Discharge

At the April 3 hearing the successor trial judge ruled, "I find that [the initial trial judge] treated the Notice of Expiration of Speedy Trial as a Notice of Expiration of Speedy Trial that was filed with the clerk on the 18th of March." If she intended to rule, as alleged by Mr. Templar-O'Brien, that the initial trial judge treated the December 31, 2013, notice of expiration of speedy trial as a demand for speedy trial under rule 3.191, this was error. As previously mentioned, the transcript shows that this allegation is false. Additionally, at the pretrial hearing on January 7, 2014, defense counsel stated that he "would not be adopting that." A pro se notice of expiration of speedy trial period and a motion for discharge filed while represented by counsel are nullities, having no legal force or effect. State v. Craven, 955 So. 2d 1182, 1183 (Fla. 4th DCA 2007); see also Harden v. State, 152 So. 3d 626, 627 (Fla. 3d DCA 2014) ("[A] pro se demand for speedy trial that has not been adopted by the defendant's counsel cannot be entertained on the merits."). Therefore, not only was the notice not treated as a demand for speedy trial, the pleading was a nullity.

---

[3]We note that rule 3.191(j)(4) provides that if a motion for discharge is denied based on the defendant's previous waiver of speedy trial, "trial shall be scheduled and commence within 90 days of a written or recorded order of denial." However, there was no formal denial of the motion for discharge in this case.

On March 18, Mr. Templar-O'Brien did file a notice of expiration of speedy trial citing rule 3.191(m), so perhaps the successor trial judge intended to rule that this notice was treated as a demand for speedy trial. Regardless, even if the notice had been treated as a demand for speedy trial, the trial judge would have had forty-five days to set the case for trial after the hearing on March 24, pursuant to rule 3.191(b)(2).[4] The forty-five day period would not have expired until approximately May 8, and therefore, the motion for discharge was improperly granted on April 3.

### IV. Conclusion

Accordingly, the motion for discharge was improperly granted when Mr. Templar-O'Brien had never filed a demand for speedy trial, and even if the March 18 notice of expiration of speedy trial is treated as a demand for speedy trial, the forty-five-day period in which the State had to bring him to trial had not yet expired when the discharge was ordered.

Reversed and remanded for further proceedings.

WALLACE and LUCAS, JJ., Concur.

---

[4]If a trial was not held within fifty days, Mr. Templar-O'Brien could have then filed a notice of expiration of speedy trial time pursuant to rule 3.191(b)(4) and (p). At that point, the trial court would have been required to hold a hearing on the notice within five days and then set the case for trial within ten days.