# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-570 & 3D17-569
Lower Tribunal Nos. 16-15415A & 16-15415B
_____

**Pedro Soto, et al.,**
Petitioners,

vs.

**The State of Florida,**
Respondent.

Cases of Original Jurisdiction—Prohibition.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for petitioners.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for respondent.

Before SALTER, FERNANDEZ and SCALES, JJ.

SCALES, J.

We consolidate these petitions for writ of prohibition and deny both petitions based on this Court's decision in State vs. McCoy, 369 So. 2d 1027 (Fla. 3d DCA 1979) and the decision of our sister court in State vs. Frazee, 617 So. 2d 350 (Fla. 4th DCA 1993).

We note that petitioners rely heavily on the dicta in Obanion vs. State, 496 So. 2d 977, 981 (Fla. 3d DCA 1986), for the proposition that petitioners were continuously available for trial despite the fact that petitioners' attorney was counsel for another criminal defendant whose trial was scheduled to begin at the same time, and before the same judge, as petitioners' scheduled trial. Under the circumstances of this case, however, McCoy is controlling. In Obanion, the continuance had been determined by the court before defense counsel became involved in the probation violation hearing. Therefore, in Obanion, the discussion regarding counsel's availability—due to the probation violation hearing—was not necessary to the decision of the Court. Unlike in this case, counsel in Obanion was not otherwise unavailable at the time that the continuance was announced by the trial court. See Fla. R. Crim. P. 3.191(j)(2).

Petitions consolidated and denied.