# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1309
Lower Tribunal No. F19-10521
_____

**Tavaris Donte Servants,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction—Prohibition.

Tavaris Donte Servants, in proper person.

Ashley Moody, Attorney General, and Michael W. Mervine, Chief Assistant Attorney General, for respondent.

Before SCALES, MILLER, and GORDO, JJ.

PER CURIAM.

Denied. <u>See</u> <u>Johnson v. State</u>, 974 So. 2d 363, 364 (Fla. 2008) ("[C]riminal defendants have no right under the Sixth Amendment or under the Florida Constitution to engage in 'hybrid representation'—that is, to simultaneously represent themselves and be represented by counsel."); <u>Salser v. State</u>, 582 So. 2d 12, 14 (Fla. 5th DCA 1991) (citations omitted) ("[T]he defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to be represented for the purposes that suit him and unrepresented for other purposes. Courts in other jurisdictions we have identified that have considered this issue agree that such *pro se* motions are invalid."); <u>Harden v. State</u>, 152 So. 3d 626, 627 (Fla. 3d DCA 2014) ("[A] *pro se* demand for speedy trial that has not been adopted by the defendant's counsel cannot be entertained on the merits."); <u>State v. Templar-O'Brien</u>, 173 So. 3d 1129, 1132 (Fla. 2d DCA 2015) ("A pro se notice of expiration of speedy trial period and a motion for discharge filed while represented by counsel are nullities, having no legal force or effect."); <u>Logan v. State</u>, 846 So. 2d 472, 476 (Fla. 2003) ("Only when a pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney have the courts of this state not viewed the pro se pleading in which the request to discharge is made as unauthorized and a 'nullity.'").

2