PER CURIAM.
Shawna Lanier Jones appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In 1998, Jones pleaded guilty to DUI manslaughter and was sentenced to ten years and four months in prison. She now seeks postcon-viction relief. We affirm the trial court’s denial of all but two of Jones’ claims with *812 out discussion. As to those two, however, we reverse and remand for further consideration.
Jones alleged that she was misinformed about the amount of gain time that she would receive and that she would not have pleaded guilty if she had been adequately advised. Specifically, Jones alleged that she was told, by a person other than her attorney, that she would receive at a minimum twenty to twenty-five days of gain time per month and could receive more if she participated in certain activities while in prison. Jones alleged that before pleading, she asked counsel if this was correct, and rather than telling her that it was not, counsel advised her not to mention this in the courtroom. This information was in fact patently incorrect. Based on the date of Jones’ offense, she will have to serve eighty-five percent of her sentence before being eligible for any early release. See § 944.275(4)(b)3, Florida Statutes (1997).
The trial court denied this claim on two grounds. First, the court found that it was facially insufficient because Jones alleged that a person other than her attorney provided the erroneous advice. If Jones had simply alleged that she was misinformed about gain time eligibility by a third party, we would agree with this conclusion. Jones however made the additional allegation that she specifically asked counsel if this was true and he allowed her to believe that it was. We conclude that at a bare minimum when counsel is directly asked about gain time issues, he or she must answer as accurately as possible. See, e.g., Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993) (holding that affirmative misadviee about length of sentence or eligibility for gain time forms a basis to withdraw the plea). In this instance, counsel could have unequivocally advised Jones that she would not receive that amount of gain time because she would have to serve a minimum of eighty-five percent of her sentence.
The trial court also found that this claim was refuted by the record. Specifically, the court concluded that it was refuted by Jones’ affirmative answer to the following question posed during the plea colloquy:
Now you understand that the Department of Corrections is solely responsible for any gain time or any type of early release, and any information that we have, [defense counsel] has here, is strictly an estimate and not part of the plea agreement?
Although we encourage trial courts to continue to ask such questions, we cannot conclude that an affirmative answer to this question conclusively refutes Jones’ claim in this case. We reach this conclusion for two reasons. First, as noted above, this is not a situation where counsel simply erroneously estimated the amount of gain time Jones would receive. Rather, he failed to tell her, even after being specifically asked about gain time, that as a matter of law she would not be eligible for release until she had served eighty-five percent of her sentence. Second, Jones alleged that counsel specifically told her not to mention to the court that she expected to receive a significant amount of gain time. This advice may have led Jones to believe that her sentence would be increased or the gain time taken away if she made the trial court aware of this. Under these circumstances, we conclude that the plea colloquy does not conclusively refute Jones’ claim. We, therefore, reverse and remand for an evi-dentiary hearing.
Jones also alleged that she would not have pleaded guilty if counsel had moved to suppress the results of the blood alcohol test performed on her. According to Jones, the police had no probable cause on which to request a forced blood draw pursuant to section 316.1933(2)(a), Florida Statutes (1995), and in fact did not request a legal blood draw. Rather, Jones asserts her blood was forcibly drawn without her consent and despite her repeated refusals of medical treatment by hospital personnel *813 who did so with the acquiescence of the police in order to aid the police in their investigation. These allegations, if true, state at least a facially sufficient basis on which to suppress the blood test results. See, e.g., Elson v. State, 688 So.2d 465 (Fla. 4th DCA 1997) (holding that Fourth Amendment protections apply to a search conducted by a private party if law enforcement directs, participates in, or acquiesces in the search). Jones alleged that although counsel was aware that this occurred, he erroneously advised her that there was no legal basis on which to suppress the blood results.
The trial court denied this claim stating the record conclusively demonstrated that Jones’ counsel had actually filed a motion to suppress, that Jones was aware that he had filed such a motion, and that she waived that motion as part of the plea agreement. The trial court is correct that counsel filed a motion to suppress alleging the facts basically as presented by Jones. There is nothing in the record, however, which refutes either Jones’ claim that counsel did not tell her that he had filed the motion or her claim that he advised her there was no legal basis on which to suppress the blood alcohol results. Although the record does demonstrate that Jones acknowledged during the plea colloquy that she was waiving her right to a suppression hearing (as well as her right to any defenses she might have and her right to appeal), this statement alone is not adequate to demonstrate that the motion was waived in exchange for the State’s agreement to recommend a certain sentence, nor is it sufficient to demonstrate that the waiver was not induced by the erroneous advice of her counsel. We, therefore, reverse and remand this claim for an evidentiary hearing as well.
At that hearing, the State will prevail if it can show either that Jones agreed to forgo the motion to suppress after being adequately advised of its merits or that the motion to suppress was not in fact meritorious.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and GREEN and STRINGER, JJ., concur.