PER CURIAM.
Petitioner, Lawrence G. Corner, was arrested on November 27, 1999, and charged by Information with lewd and lascivious battery on a child less than sixteen years of age, sexual battery, lewd and lascivious molestation of a child less than twelve to sixteen years of age, and kidnapping. A public defender was appointed to represent him. Corner filed a hand-written, in proper person, writ of prohibition alleging that there has been no showing that he was not ready for trial. Based on this representation, we ordered a response from the State. Corner in fact has moved for three continuances. He has filed a barrage of pro se motions, including a Motion for Immediate Release on Own Recognizance, a Demand for Speedy Trial, a Motion for Rehearing, and a Motion to Discharge the Public Defender. This is his third pro se appeal to this Court.
We deny the writ of prohibition. As the Florida Supreme Court stated in State v. Spencer, 751 So.2d 47, 48 (Fla.1999), “any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their *672 finite resources to the consideration of legitimate claims.” The same holds true for pretrial interlocutory appeals. As long as a public defender represents the petitioner, the petitioner is prohibited from filing any more appeals, pleadings, petitions, or motions without his or her attorney’s written consent. If Corner persists, this Court will issue a show cause order as to why he should not be denied further access to this Court.