PER CURIAM.
Rodrick Johnson Sams appeals his conviction and sentences for two counts of sexual battery, four counts of lewd assault on a child, and one count of lewd and lascivious conduct on a child. We affirm.
Sams was arraigned on July 7, 2000. On July 11, 2000, he invoked his right to counsel and a public defender was appointed on that date. On March 15, 2001, he filed a pro se demand for a speedy trial which the trial court denied on March 16, 2001. Sams’ counsel, rather than adopt the motion for speedy trial, waived his right to speedy trial on March 23, 2001. On October 30, 2001, Sams filed a pro se motion to dismiss and discharge for failure of the trial court to set trial within the time frame allowed by the speedy trial rule. The trial court denied the motion as well as several subsequent pro se motions to dismiss and discharge.
Trial was held July 30 and July 31, 2002. The prosecution called as witnesses the two alleged victims, Sams’ daughter and step-daughter; two police officers to which *1174 the defendant confessed; the examining physician; the Department of Children and Families caseworker to whom the defendant also confessed, and the victims’ grandmother who testified that Sams confessed to her. The defense rested without calling any witnesses and Sams did not testify.
During closing arguments, the prosecutor said:
Finally, with KW.’s testimony really when she testified, when she took that stand she was never once contradicted by any other witness testifying. You have to consider that. And then never once on cross examination did— on cross examination was a prior inconsistent statement brought out; never once. Again, you have to consider that in judging credibility.
Referring to the other victim, S.W.’s, testimony, the prosecutor stated: “They corroborated each other. And like K.W., not once was she contradicted on the stand by anyone else and was she cross examined about any prior inconsistent statements.” Defense counsel made no objection to these remarks. The jury found Sams guilty on all counts and the court sentenced him to two concurrent life sentences and a separate fifteen year term. He now raises two claims on appeal.
First, Sams claims that the trial court erred by denying his demand for speedy trial, and by further denying his motions to dismiss and discharge contrary to the procedures for speedy trial set forth in Rule 3.191(b) of the Florida Rules of Criminal Procedure (Fla.2002). We disagree.
Neither the Federal nor the Florida Constitution’s right to counsel provision embodies a right to hybrid representation. Logan v. State, 846 So.2d 472 (Fla.2003). Florida courts generally treat pro se motions by defendants who have representation as a “nullity, having no legal force or effect.” Thompson v. State, 615 So.2d 737, 741 (Fla. 1st DCA 1993). See also, Lewis v. State, 766 So.2d 288 (Fla. 4th DCA 2000); Corner v. State, 779 So.2d 671 (Fla. 3d DCA 2001). The Florida Supreme Court has recently stated that where such pro se petitions have not been adopted by counsel they cannot be entertained on the merits. Logan, 846 So.2d at 474. The court further stated that “Consistent with long-standing precedent in this state, this court will no longer accept these attempts at “hybrid” representation.” Id. The trial court therefore properly denied Sam’s numerous pro se motions.
Sams also claims that the prosecutor’s remarks during closing arguments constituted fundamental error because they amounted to improper comments on the defendant’s constitutional right to remain silent. The prosecutor’s remarks referred to the uncontroverted nature of the evidence. However, because Sams and the victims were the only witnesses to the alleged crimes, and only Sams could contradict the evidence, the remarks were an impermissible comment on the failure of the defendant to testify. Rodriguez v. State, 753 So.2d 29, 38 (Fla.2000). “However, it is well settled that such erroneous comments do not require an automatic reversal.” Id. at 39.
The issue is whether the error affected the verdict. State v. DiGuilio, 491 So.2d 1129, 1137 (Fla.1986). In this case, the error was harmless beyond a reasonable doubt. The testimony of two victims, along with the corroboration of four separate confessions, clearly make the error harmless. The judgment of the trial court is affirmed.