955 So.2d 1182 (2007)
STATE of Florida, Appellant,
v.
Curt CRAVEN, Appellee.
No. 4D06-1774.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*1183 Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellee.
TAYLOR, J.
The state appeals an order discharging the defendant on speedy trial grounds. According to the state, the defendant's pro se notice of expiration of speedy trial and motion for discharge were nullities because the defendant was represented by counsel at the time they were filed, and their later adoption by defense counsel, if approved by the trial court, should become effective from the date of adoption, not from the date the pleadings were originally filed pro se by the defendant. We agree and reverse.
The defendant was convicted of aggravated battery and misdemeanor battery following a jury trial. We reversed for a new trial based on an improper jury instruction and issued our mandate on September 16, 2005. On November 14, 2005, the defendant filed an application for criminal indigent status. On November 30, 2005, the defendant was declared indigent, and the public defender was appointed to represent him. On December 23, 2005, the defendant filed a pro se notice of expiration of speedy trial period. On January 12, 2006, he followed up with a motion to discharge. On March 3, 2006, the defendant filed a pro se emergency petition for writ of prohibition in this court. At that point, the public defender filed a motion in this court seeking to adopt the pro se emergency petition for writ of prohibition. We issued an order dismissing the petition "without prejudice to seek relief in the trial court in the event trial counsel adopts the trial court motion."
On remand, after the public defender adopted the prior pro se pleadings, the trial court granted the motion to discharge. The court reasoned that because the defendant's motions were subsequently adopted by counsel, "he avoids treatment of his motions as legal nullities."
Under the speedy trial rule, the state had ninety days from the issuance of our mandate within which to commence the defendant's new trial. Fla. R.Crim. P. 3.191(m) (2006). Ordinarily, when the time period has expired, the defendant files a Notice of Expiration of Speedy Trial Time, and the state then has a fifteen-day recapture period within which to bring the defendant to trial or face the defendant's discharge. Fla. R.Crim. P. 3.191(p) (2006). The problem in this case is that the defendant was represented by counsel when he filed his pro se notice of expiration and motion for discharge.
Because the pro se pleadings did not unequivocally request the discharge of defendant's counsel, they were nullities, having no legal force or effect. Logan v. State, 846 So.2d 472, 476 (Fla.2003); Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006); Sams v. State, 849 So.2d 1172, 1174 (Fla. 3d DCA 2003); Lewis v. State, 766 So.2d 288, 289 (Fla. 4th DCA 2000); Thompson v. State, 615 So.2d 737, 741 (Fla. 1st DCA 1993). The defendant argues that because the state did not move to strike the pro se pleadings, they were not nullities. We reject this argument, which is unsupported by any authority. Such pleadings are nullities without regard to whether a motion to strike was filed.
*1184 In some situations, defense counsel can adopt and proceed to argue his client's pro se filings. The question is whether the adoption of a pro se filing of speedy trial pleadings can "relate back" in time so as to entitle a defendant to discharge. We can find no Florida case directly on point. In Kidd v. State, 855 So.2d 1165, 1167 (Fla. 5th DCA 2003), which the trial court cited in its order of discharge, the defendant filed a pro se motion for a new trial based on improper comment by the prosecutor and a pro se motion to correct his sentence because of an improper sexual predator designation. Defense counsel adopted the pro se motion for a new trial and argued it at the sentencing/motions hearing. The trial court considered the adopted motion on the merits and the appellate court determined that the issue was preserved for review. However, because the opinion in Kidd did not indicate whether the hearing was held within the ten-day period permitted for new trial motions or note any timeliness or relation-back concerns, we do not know whether the court applied a relation-back theory in declining to treat the defendant's motion as a nullity.
In any event, we disapprove allowing defense counsel's attempted relation-back of the defendant's pro se speedy trial pleadings in this case. To allow such a relation-back would swallow the "nullity" rule by forcing the state to respond to a pro se "Notice of Expiration of Speedy Trial Period" as if it had been filed by counsel or risk losing the 15-day recapture period provided by the criminal procedure rules. We agree with the state that in this case defense counsel should not be allowed to adopt the defendant's pro se speedy trial pleadings so as to completely defeat the state's entitlement to the recapture period. We hold that in the context of pro se speedy trial pleadings, if the trial court permits defense counsel to adopt the pro se pleadings, the effective date should be the actual date of adoption, not the date on which the unauthorized pleadings were filed. This will give the state an opportunity to bring the defendant to trial within the fifteen-day window and allow the defendant to enjoy his right to a speedy trial.
Reversed and Remanded.
SHAHOOD and GROSS, JJ., concur.