LEWIS, J.
 

 Michael Golden appeals his convictions and sentences for felony battery with great bodily harm and aggravated assault with a deadly weapon. Golden contends that we should reverse his convictions and sentences, as well as the underlying order withdrawing his original plea, because the trial court lacked jurisdiction to withdraw his previously entered plea and sentence once imposed. We agree and reverse.
 

 On June 18, 2009, Golden was charged by information with aggravated battery with a deadly weapon. On February 25, 2010, Golden entered a plea of nolo conten-dere as charged and was placed on five years’ probation. On March 5, 2010, the trial court entered and filed the written order of probation,
 
 nunc pro tune
 
 February 25, 2010.
 

 On March 81, 2010, Golden filed a pro se motion to withdraw plea. On April 13, 2010, the trial court enter an order on Golden’s pro se motion finding, in pertinent part, as follows: “Defendant’s Motion to Withdraw Plea is hereby denied as insufficient and moreover is stricken inasmuch as Defendant was represented by counsel and counsel was never relieved.” On April 15, 2010, Golden’s counsel filed a motion to withdraw plea, which adopted and modified Golden’s pro se motion to ■withdraw plea. The motion alleged that Golden had entered the plea because he and his counsel believed the sentence in this case would be concurrent with his violation of probation sentence in a Gadsden County case. Counsel asserted that Golden was assured that his sentence in the Gadsden County case would be concurrent with his sentence in this ease and he would not have pled out in this case but for this assurance. The motion further alleged that the State reneged on the plea agreement to a concurrent sentence and that Golden did not get what he bargained for; therefore, he should be allowed to withdraw his plea in this case.
 

 On April 29, 2010, and May 6, 2010, the trial court conducted hearings on Golden’s counsel’s motion to withdraw plea. At the first hearing, Golden’s counsel informed the trial court that he had adopted Golden’s pro se motion to withdraw plea. After finding counsel’s motion to withdraw plea timely, the trial court indicated that it would consider the merits of counsel’s mo
 
 *398
 
 tion. However, the trial court continued the hearing after counsel for the State informed it that he could not provide the trial court with any argument on the merits because he was not assigned to the case. When the hearing resumed on May 6, 2010, the State agreed with counsel’s motion to withdraw plea and, based on the State’s stipulation, the trial court granted counsel’s motion.
 

 On June 18, 2010, the State filed an amended information charging Golden with one count of aggravated battery causing great bodily harm and one count of aggravated assault with a deadly weapon. After a jury trial, Golden was found guilty of the lesser included offense of felony battery with great bodily harm and as charged of aggravated assault with a deadly weapon. Golden was sentenced to forty-eight months’ imprisonment on the lesser included offense of felony battery with great bodily harm and forty-eight months’ imprisonment on the count of aggravated assault with a deadly weapon, with both sentences to be served concurrently. This appeal follows.
 

 We must decide whether the trial court reversibly erred in finding the motion to withdraw plea timely and in subsequently granting the motion to withdraw plea. A post-sentencing motion to withdraw plea is governed by Florida Rule of Criminal Procedure 3.170(i), which provides as follows:
 

 A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
 

 We have previously held that the thirty-day limit under 3.170(i), which starts running after rendition of the sentence, is jurisdictional.
 
 Gafford v. State,
 
 783 So.2d 1191, 1192 (Fla. 1st DCA 2001). Consequently, once this thirty-day limit passes, the trial court loses jurisdiction, and “[a] [djefendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel or consent.”
 
 State v. Schafer,
 
 583 So.2d 374, 376 (Fla. 4th DCA 1991),
 
 review dismissed,
 
 598 So.2d 78 (Fla.1992).
 

 Pursuant to rule 3.170(i), Golden’s counsel had until April 4, 2010, to timely file a motion to withdraw plea. Counsel’s subsequently filed motion to withdraw plea did not revive Golden’s pro se motion as the trial court, prior to counsel filing the subsequent motion, had already denied and stricken Golden’s pro se motion. As such, there was no pending motion to adopt and it could not be revived. Assuming arguendo that the trial court properly allowed Golden’s counsel to adopt the pro se motion, the effective date of an adopted pro se motion is the date it is adopted and not the initial date the unauthorized pleading was filed.
 
 See State v. Craven,
 
 955 So.2d 1182, 1184 (Fla. 4th DCA 2007) (holding “that in the context of pro
 
 se
 
 speedy trial pleadings, if the trial court permits defense counsel to adopt the
 
 pro se
 
 pleadings, the effective date should be the actual date of adoption, not the date on which the unauthorized pleadings were filed.”) (emphasis in original). “To allow such a relation-back would swallow the ‘nullity’ rule_”
 
 Id.
 
 Thus, counsel’s motion to withdraw plea filed on April 15, 2010, was untimely as it was filed more than thirty days after the trial court’s acceptance of Golden’s plea and the entry of the written order on March 5, 2010, imposing the sentence of five years’ probation. As such, the trial court reversibly erred in finding the motion to withdraw plea timely. Furthermore, since the thirty-day limit under 3.170(() is jurisdictional, the trial court
 
 *399
 
 lacked the authority to grant the untimely motion to withdraw plea.
 

 Accordingly, we reverse Golden’s convictions and sentences based on the jury verdict, as well as the underlying order withdrawing Golden’s original plea, and remand with instructions to reinstate Golden’s five-year probationary sentence. Golden is entitled to credit against the reinstated sentence for time served in prison on the sentences here vacated.
 

 REVERSED and REMANDED with instructions.
 

 ROBERTS and RAY, JJ., Concur.