PER CURIAM.
Appellant pled nolo contendere to the counts of forgery (uttering a forged bill), possession of forged notes or bills, an attempted scheme to defraud, and possession of a forged, stolen or fictitious driver’s license — all third-degree felonies. See §§ 881.09; 881.08; 817.034(4) & 777.04; 322.212(1), Fla. Stat. (2011). On his Criminal Punishment Code scoresheet, appellant scored twenty “total sentencing points,” corresponding to a mandatory nonstate prison sanction under section 775.082(10), Florida Statutes (2011). Nevertheless, that section authorizes the trial court to impose a prison sentence if it makes written findings “that a nonstate prison sanction could present a danger to the public.” § 775.082, Fla. Stat. (2011). The trial *635 court did so in appellant’s case and imposed a sentence of twenty-four months’ imprisonment. Now, on appeal, appellant contends his prison sentence violates Ap-prendi[1] and Blakely[2] because it exceeds the maximum sentence the trial court could impose under section 775.082(10), based on facts neither admitted to by appellant nor as found by a jury. Alternatively, appellant contends the trial court erred in imposing a prison sentence because the record does not support the trial court’s findings that a nonstate prison sanction would present a danger to society. Because the state properly concedes error on the second issue based on our controlling decision in Jones v. State, 71 So.3d 173 (Fla. 1st DCA 2011),[3] we conclude, as did the majority in Jones, that we need not reach the Apprendi /Blakely issue. Id. at 174.[4] Accordingly, we reverse appellant’s sentence and remand for resentencing. On remand, the trial court shall sentence appellant to a nonstate prison sanction as required by section 775.082(10).[5]
REVERSED and REMANDED with directions.
PADOVANO, MARSTILLER, and SWANSON, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Blakely v. Washington, 542 U.S. 296, 303-04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

. Jones involved circumstances which, in all relevant aspects, were identical to those in the instant case.

. But see Jones 71 So.3d at 176 (Thomas, J., concurring in result only).

. Jones cites to Shull v. Dugger, 515 So.2d 748, 750 (Fla.1987) (holding in a case involving an upward departure under the sentencing guidelines “a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court”), but compares Jackson v. State, 64 So.3d 90 (Fla.2011) (holding that a trial court may again impose a downward departure sentence under the Criminal Punishment Code on remand where the appellate court reverses the grounds for the initial departure). See Jones 71 So.3d at 176.