BENTON, J.
Shawn Michael Sprott appeals the sentence pronounced on rehearing after remand in Sprott v. State, 99 So.3d 634 (Fla. 1st DCA 2012). When resentenced on re *401 mand, he had already served 890 days of his original, erroneously imposed prison sentence. He argues that, in addition to the 364 days’ credit he received against jail time for time he had served on the original sentence, he is entitled to 26 days’ credit against the probationary portion of his current sentence.[1] We reverse and remand with directions he receive 26 days’ credit against the probationary portion of the sentence pronounced on remand.
In 2011, after appellant entered a plea of no contest to count 1: uttering a forged bill, count 2: possession of forged notes, count 3: attempted scheme to defraud, and count 4: possession of a forged, stolen, or fictitious driver’s license, the trial court adjudicated him guilty on all four counts and sentenced him to 24 months in state prison. On direct appeal, however, we reversed the original sentence as excessive, on grounds a nonstate prison sentence was mandatory,[2] because his criminal punishment code score sheet reflected only 20 points, and the record did not support the trial court’s conclusory finding that “a nonstate prison sanction would present a danger to society.” Sprott, 99 So.3d at 635.
The case is now before us on direct appeal from the resentencing on remand. Although, by the time the trial court re-sentenced appellant to 364 days in county jail (with 364 days’ credit) and two years’ probation, he had served 390 days in prison under the superseded sentence, he does not argue on this appeal that the entire probationary period was illegal. He contends only that he should receive credit for 26 (390-364) days of the prison sentence he served against the probationary period ordered on resentencing.
We accept the state’s concession that appellant’s argument that he is entitled to 26 days’ credit against the probationary period is preserved. On the merits, we agree with appellant that, under Golden v. State, 84 So.3d 396 (Fla. 1st DCA 2012), he is entitled to 26 days’ credit against his probationary sentence. See id. at 399 (“Golden is entitled to credit against the reinstated sentence [five years’ probation] for time served in prison on the sentences here vacated.”).
Reversed and remanded, with directions.
VAN NORTWICK and PADOVANO, JJ., concur.

. On this appeal, he makes no other challenge to the probationary portion of the sentence pronounced on remand. At the resentencing hearing where the county jail term was imposed, appellant did argue that, because he had already served time in excess of 364 days, he should not be sentenced to probation in addition to "a county jail term alone." Fla. R.Crim. P. 3.701(d)(8).
Later, appellant filed a pro se motion under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his current "sentence exceeds a nonstate prison sanction.” Because he had already served a sentence that exceeded a nonstate prison sanction, "any form of punishment in addition would also be in excess deeming defendant’s current sentence illegal,” he maintained. Appellant having filed the motion pro se, although represented by counsel at the time, the trial court struck the motion on that ground.
Appellant’s counsel never adopted the pro se motion, and the argument that no probationary period at all could lawfully be imposed has not been raised on the present appeal.

. Under section 775.082(10), Fla. Stat. (2011), "the court must sentence the offender to a nonstate prison sanction” if the total sentence points are 22 or fewer, absent written findings that "a nonstate prison sanction could present a danger to the public.”