MORRIS, Judge.
Marcus Davis appeals his judgments and sentences for trafficking in cocaine between 28 and 200 grams, possession of marijuana with intent to sell or deliver, and possession of drug paraphernalia. We find no error in the trial court’s denial of his motion to suppress, and we do not address it further. However, because Davis sufficiently alleged the existence of an adversarial relationship with his counsel in his letter to the trial court, which we construe to be an amendment to his motion to withdraw plea, the trial court erred by summarily denying his motion. We therefore affirm Davis’s judgments and sentences but reverse and remand for the trial court to conduct a limited evidentiary hearing pursuant to Sheppard v. State, 17 So.3d 275, 287 (Fla.2009).[1]
*1258 In Davis’s pro se motion to withdraw plea, he argued that “the plea offered ... was not the plea [a]greed upon [b]y the State and the Defendant” and that he “signed a plea under false pretenses and [was] led to [b]elieve it [was] the State[’]s offer.” These allegations — if taken alone — were sufficiently refuted by the written plea agreement and the plea colloquy.
However, Davis’s counsel also filed a motion to withdraw plea, asserting that Davis told counsel that “he was not properly served by undersigned counsel”; counsel also asserted that “[presumably this ... resulted in an involuntary plea being entered by Defendant.” We are not entirely convinced that such a general allegation was sufficient to warrant a Sheppard hearing. See, e.g., Davis v. State, 52 So.3d 697, 698 (Fla. 4th DCA 2010) (holding that counsel’s motion was not sufficient where counsel alleged only that counsel and appellant’s positions had become adverse); Carter v. State, 22 So.3d 793, 795 (Fla. 1st DCA 2009) (recognizing that a general allegation of a conflict with counsel is insufficient to warrant a hearing). But see Collins v. State, 68 So.3d 251, 251 (Fla. 2d DCA 2010) (holding that where appellant alleged she had not been properly represented and that counsel told her she could change her mind about plea until the very last minute, trial court should have conducted Sheppard hearing).
We need not decide that issue however because we hold that Davis’s letter to the trial court, which was filed three months after his pro se motion but two days prior to the filing of the trial court’s order denying motion to withdraw plea, should have been construed to be an amendment to the motion. We also hold that the letter contained allegations sufficient to warrant a limited evidentiary hearing. In the letter entitled “Notice of Inquiry,” Davis alleged that he entered the plea based on his counsel’s promise that he would receive a three-year sentence. Such an allegation could potentially support withdrawal of Davis’s plea. See Jones v. State, 774 So.2d 811, 812 (Fla. 2d DCA 2000).
This case is distinguishable from Alcantara v. State, 888 So.2d 758 (Fla. 2d DCA 2004), wherein this court determined that where the appellant sent two letters to the trial court alleging grounds that could have supported withdrawal of his plea, but which did not contain such a request for relief, the trial court correctly determined the letters were facially insufficient to constitute a motion to withdraw plea. In contrast, in this case, the trial court had before it two official motions to withdraw plea. Even if the motions themselves were refuted or facially insufficient, the trial court was on notice that Davis was seeking to withdraw his plea at the time Davis filed his letter with the trial court. Because the letter contained a facially sufficient allegation that could give rise to an adversarial relationship with counsel, the trial court should have conducted a Sheppard hearing.
Therefore, we affirm the judgments and sentences, but we reverse the denial of the motion to withdraw plea and remand for the trial court to follow the procedures articulated in Sheppard. See Collins, 68 So.3d at 252.
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., and BLACK, J., Concur.

. Sheppard held that where a pro se defendant’s allegations give rise to an adversarial relationship such as counsel’s misadvice, misrepresentation, or coercion in entering the plea, the trial court should conduct a limited evidentiary hearing to determine if an adversarial relationship exists.