# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D11-3239
Lower Tribunal No. 10-4095B

_____

**Gregg M. Harden,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Gregg M. Harden appeals his conviction for two counts of attempted

robbery and one count of furnishing false information to a law enforcement officer

during an investigation. Because the trial court committed *per se* reversible error when it failed to conduct a *Faretta* hearing after Harden made several unequivocal requests to represent himself, we reverse and remand for a new trial. See <u>Faretta v. California</u>, 422 U.S. 806 (1975).

Harden filed numerous motions and pleadings with the trial court waiving his right to counsel and requesting self-representation. Harden's counsel also confirmed Harden's desire to represent himself several times during the proceedings. The trial court chose not conduct a *Faretta* hearing on Harden's requests, but instead postponed the *Faretta* hearing until after the discovery process was complete.

Harden also filed multiple motions for speedy trial, notice of expiration motions, and demands for discharge under the Florida Speedy Trial Rule. All of these motions were denied either on the merits or because Harden's appointed counsel did not adopt them.

On July 5, 2011, sixteen months after his initial request for self-representation, the trial court conducted a *Faretta* hearing and concluded that Harden was competent to represent himself. Harden represented himself at trial and was convicted on two counts of attempted robbery and one count of furnishing false information to a law enforcement officer during an investigation.

The Sixth Amendment grants a defendant the right to proceed without counsel when he voluntarily and intelligently elects to do so.   Faretta, 422 U.S. at 835.   The right to self-representation applies at any crucial stage in the proceedings. See Kearse v. State, 858 So. 2d 348 (Fla. 1st DCA 2003) (holding that the defendant had the right to represent himself during pre-trial suppression hearing).

A defendant's request for self-representation must be unequivocal.   See Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008). Once a defendant makes an unequivocal request for self-representation, the trial court is obligated to hold a *Faretta* hearing to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel. Id. The failure of a trial court to hold a *Faretta* hearing to determine whether the defendant could represent himself is *per se* reversible error that entitles a defendant to a new trial. Id. at 379.

Neither the Sixth Amendment nor the Florida Constitution provide a right to hybrid representation.  See Logan v. State, 846 So. 2d 472, 474–75 (Fla. 2003). Thus, a *pro se* demand for speedy trial that has not been adopted by the defendant's counsel cannot be entertained on the merits.  Sams v. State, 849 So. 2d 1172, 1174 (Fla. 3d DCA 2003).

Harden made several unequivocal requests for self-representation as evidenced by his repeated filings to dismiss his appointed counsel and represent

himself. After these requests, but prior to the *Faretta* hearing being held, there were several crucial stages in the proceedings over a period of sixteen months. Each crucial stage presented a missed opportunity for Harden to represent himself. Because the trial court failed to hold a *Faretta* hearing within a reasonable time following Harden's initial and subsequent unequivocal requests for self-representation it committed *per se* reversible error. Thus, Harden is entitled to a new trial.

Reversed and remanded.