WOLF, J.
Appellant argues the trial court erred in sentencing him to a state prison sanction for the offense of driving while license permanently revoked without making written findings that a nonstate prison sanction could present a danger to the public, as required by section 775.082(10), Florida Statutes.* The State concedes error. Thus, we reverse and remand for resen-tencing to a nonstate prison sanction for that count. See Murphy v. State, 161 So.3d 1282 (Fla. 1st DCA 2015) (holding a trial court’s failure to provide written findings as required by section 775.082(10) requires resentencing to nonstate prison sanction). In light of this disposition, we do not reach appellant’s argument that the record would not have supported such a written finding that a nonstate prison *1294 sanction could present a danger to the public.
We note that it appears appellant has already served more than the maximum incarcerative sentence allowed by law. Thus, we direct the trial court to expeditiously hold the resentencing hearing. No motion for rehearing will be entertained by this court.
REVERSED and REMANDED for resentencing.
WETHERELL and BILBREY, JJ., concur.

 Appellant properly preserved this argument through a motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(1), under which a motion must be filed “[d]uring the time allowed for the filing of a notice of appeal of a sentence.”