PER CURIAM.
Appellant, Ray Schreiner, appeals the sentence on Count 1 (driving while license permanently revoked) pronounced on rehearing after remand in Schreiner v. State, 163 So.3d 1293, 1293-94 (Fla. 1st DCA 2015) (Mem.) (reversing Appellant’s prison sentence on Count 1 on the ground that the trial court erred by failing to make written findings that a nonstate prison sanction could present a danger to the public, as required by section 775.082(10), Florida Statutes, and remanding for resen-tencing to a nonstate prison sanction on that count). When Appellant was resen-tenced on remand, it was undisputed that he had served 2 years and 4.7 months of his original, erroneously imposed prison sentence. On Count 1, he was resentenced from four years of imprisonment to one year of jail with one year of credit followed by six months of probation. In this appeal, Appellant does not argue that his probationary term was illegal and contends only that he should have received credit for time served in prison against the probationary period. We agree. See Sprott v. State, 124 So.3d 400, 400-01 (Fla. 1st DCA 2013) (Mem.) (holding that the appellant was entitled to credit for time served in prison on his original, erroneous prison sentence that was reversed against the probationary portion of the sentence he received on remand). Accordingly, we reverse Appellant’s sentence on Count 1 and remand with directions that he be awarded credit against his probationary sentence.
REVERSED and REMANDED with directions.
ROBERTS, C.J., LEWIS and RAY, JJ., concur.