NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN SANDERS,                    )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D15-1642
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed September 7, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Richard C. Reinhart, Bradenton, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.

SILBERMAN, Judge.

            After entering a no contest plea to (1) fraudulent use of a credit card, (2)

grand theft, (3) fraudulent use of personal identification, and (4) theft of a credit card,

Steven Sanders was adjudicated guilty and sentenced to concurrent sentences of five

years in prison on counts one, two, and three and to time served on count four. He

challenges the denial of his amended motion to withdraw plea. Because the amended

motion was not untimely as an amendment to the original timely-filed motion, we reverse and remand for the trial court to consider the amended motion to withdraw plea on the merits.

Sanders' sentence was rendered on August 12, 2014. Our record does not contain a transcript of the plea hearing or sentencing hearing. Sanders' scoresheet reflects that he had no prior criminal history and that he scored any nonstate prison sanction as his lowest permissible sentence. The trial court imposed the statutory maximum sentence of five years in prison.

On September 10, 2014, Sanders filed, through counsel, a motion to reduce/correct sentence and/or withdraw plea under Florida Rules of Criminal Procedure 3.800(c) and 3.170(*l*). In the motion, Sanders asserted that the trial court had before it irrelevant evidence during the sentencing hearing that affected Sanders' sentence. On September 23, 2014, the trial court entered an order that denied the motion as to the request for a modification or reduction of sentence. As to the request to withdraw his plea, the trial court denied the motion "without prejudice to any right Defendant may have to file a legally sufficient amended motion to withdraw plea under [r]ule 3.170(*l*) within twenty (20) days of the rendition of this order, provided he can do so in good faith."

On October 13, 2014, Sanders filed an amended motion to withdraw plea in which he alleged that the trial court committed a sentencing error in imposing sentence and that his plea was involuntary based on affirmative misadvice of counsel concerning the sentence he would receive. On October 27, 2014, the trial court denied the amended motion to withdraw plea as untimely because it was not filed within thirty

days of sentencing. Sanders contends on appeal that it was error for the trial court to consider the amended motion untimely.

> Rule 3.170(*l*) provides as follows:
>
> A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.

The appellate rule includes an involuntary plea and a sentencing error as grounds that a defendant may raise. See Fla. R. App. P. 9.140(b)(2)(A)(ii)(c), (d).

For a trial court to have jurisdiction over a defendant's motion to withdraw plea under rule 3.170(*l*), the defendant must file the motion within thirty days after rendition of sentence. See James v. State, 12 So. 3d 1290, 1290 (Fla. 2d DCA 2009); Feazell v. State, 115 So. 3d 1045, 1045 (Fla. 4th DCA 2013); Golden v. State, 84 So. 3d 396, 398 (Fla. 1st DCA 2012). Sanders timely filed his original motion to withdraw plea. Thus, the trial court had jurisdiction to entertain the motion. The trial court determined that the motion to withdraw plea was facially insufficient and denied the motion without prejudice to file an amended motion within twenty days.

The State contends that once the thirty-day window passes, Sanders "cannot confer jurisdiction on the court by waiver, acquiescence, estoppel or consent." Golden, 84 So. 3d at 398 (quoting State v. Schafer, 583 So. 2d 374, 376 (Fla. 4th DCA 1991)). In Golden, the defendant had filed a timely but unauthorized pro se motion to withdraw plea. See id. at 397. The trial court struck the motion as unauthorized because the defendant was still represented by counsel and also denied the motion as insufficient. Later, Golden's counsel filed a motion to withdraw plea outside the thirty-

day period and sought to adopt and modify the earlier pro se motion. Because the trial court had already stricken and denied the pro se motion, counsel's late-filed motion could not revive the pro se motion and there was no pending motion to adopt. Id. at 398. In Golden, no authorized, timely motion to withdraw plea was ever filed.

This court has considered a pro se letter filed three months after a pro se motion to withdraw plea as an amendment to the earlier timely motion. See Davis v. State, 126 So. 3d 1257, 1258 (Fla. 2d DCA 2013). Here, Sanders' counsel filed a timely motion to withdraw plea under rule 3.170(*l*). Because the trial court denied the original motion, the State treats the amended motion as a second motion to withdraw plea filed outside the jurisdictional time limits. The original motion filed by counsel satisfied the jurisdictional time requirement of rule 3.170(*l*). However, the trial court did not simply deny the original timely motion but also expressly stated that it was without prejudice to file an amended motion within twenty days. Sanders filed, through different counsel, his amended motion within the twenty days.

Under these circumstances, where the original motion was timely and the trial court permitted amendment, the trial court erred in determining that the amended motion was untimely. Therefore, we reverse the order of October 27, 2014, that determines the amended motion is untimely and remand for the trial court to consider the amended motion to withdraw plea on the merits.

The State also argues that any error is harmless because Sanders is not prejudiced by the denial of his amended motion to withdraw plea because he can file a rule 3.850 motion for postconviction relief. However, unlike a postconviction motion, a motion to withdraw plea is a critical stage of the proceedings during which the defendant

- 4 -

is entitled to counsel.  See Pagan v. State, 110 So. 3d 3, 5 (Fla. 2d DCA 2012); Garcia v. State, 846 So. 2d 660, 661 (Fla. 2d DCA 2003).  Therefore, we reject the State's contention that the error is harmless.

Reversed and remanded.


BLACK and BADALAMENTI, JJ., Concur.