IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CLIFTON CORNELIUS,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

Case No.  5D17-1138

_____/

Opinion filed June 27, 2017

Petition for Writ of Prohibition,
Leah R. Case, Respondent Judge.

James S. Purdy, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Respondent.


SAWAYA, J.

       This Petition for Writ of Prohibition is a sequel to a series of pleadings filed by

Clifton Cornelius invoking his right to a speedy trial and seeking discharge from the

criminal charges pending against him.[1]  Although Cornelius, like other criminal

_____

       [1] A writ of prohibition is an appropriate remedy to address alleged speedy trial violations.  See Sherrod v. Franza, 427 So. 2d 161, 163 (Fla. 1983) ("[P]rohibition (which

defendants, has the right to a speedy trial, the manner of his invocation of that right is problematic for him. Specifically, the issue in this case concerns the validity of a pro se demand for speedy trial Cornelius filed in the trial court. In addition to the demand, Cornelius also filed a pro se notice of expiration and a pro se motion for discharge, which will collectively be referred to as the "pleadings." (The relevance of these pleadings will appear later in the discussion.) The pro se designation is significant because Cornelius was represented by counsel at the time he filed the demand for speedy trial and sent it on the procedural path in the trial court. Although the traverse ended in the trial court when an order was entered striking the demand, it continues in this court with the filing of Cornelius's pro se petition for writ of prohibition. In that petition, Cornelius requests that this court enter an order "prevent[ing] the State of Florida, and alternatively, the Seventh Judicial Circuit Court from prosecuting the above styled case."

We will explain why we decline that request by discussing: 1) the procedural history of Cornelius's invocation of his speedy trial rights in the trial court; 2) whether the trial court correctly struck the demand; 3) if the trial court's reasoning was incorrect, whether the trial court arrived at the correct conclusion; 4) whether his counsel properly adopted the pro se demand and other pleadings in this court; and 5) whether adoption of the pleadings should relate back to the date of initial filing.

Dates are pertinent to the procedural history, so we will mention them. In August 2011, Cornelius was charged by information with fleeing or attempting to elude and driving without a license. The Office of the Public Defender was appointed to represent

---

is the remedy sought here) may properly be used in the context of a speedy trial violation."); Smart v. State, 179 So. 3d 477, 478 (Fla. 4th DCA 2015).

2

him in 2011 and has continuously represented Cornelius since that initial appointment.[2]

Before these charges were resolved, Cornelius was sentenced to a term of incarceration in the Department of Corrections in an unrelated case. The charges remained pending while Cornelius served his sentence.

On January 23, 2017, Cornelius filed his pro se demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b). Cornelius requested that the trial court grant a speedy trial or enter an order dismissing the charges and the detainer. According to the certificate of service, Cornelius did not send a copy of the demand to his counsel. He also did not send copies of the other pleadings to his counsel.

The State moved to strike Cornelius's demand, arguing that his right to a speedy trial had not attached because he had not been formally arrested in this case. The trial court granted the State's motion without explanation. Cornelius filed a motion for rehearing, which was denied.

Cornelius subsequently filed the instant petition for writ of prohibition on April 18, 2017, contending that his speedy trial rights have been violated and requesting that this court order his discharge. On May 22, 2017, Cornelius's counsel filed a response arguing that the trial court erred in applying the wrong section of Florida Rule of Criminal Procedure 3.191. The response also stated that counsel was adopting the pro se pleadings and that we should refrain from applying the date-of-adoption rule applied by the court in State v. Craven. 955 So. 2d 1182, 1183-84 (Fla. 4th DCA 2007) (holding that

---

[2] This court ordered the Office of the Public Defender to advise whether it represented Cornelius, whether it intended to adopt the pro se petition, and whether it intended to file a reply to the State's response. The Office of the Public Defender advised this court that it has represented Cornelius since 2011 and that it was adopting his petition for writ of prohibition. We have allowed adoption of that petition.

pro se pleadings, such as pro se filings regarding speedy trial, that are filed while the defendant is represented by counsel are nullities and must be stricken unless adopted by counsel, in which case the date of adoption rather than the date of filing applies).

We agree with Cornelius that the trial court proceeded under the wrong section of Florida Rule of Criminal Procedure 3.191 when it struck his demand for speedy trial. Rule 3.191(a), which deals with speedy trial without demand, is triggered when a defendant is taken into custody. See Fla. R. Crim. P. 3.191(a) ("[E]very person charged with a crime shall be brought to trial . . . within 175 days of arrest if the crime charged is a felony . . . The time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d).").

In this case, however, Cornelius filed a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b). See id. (providing that rule 3.191(a) "shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b)"). Rule 3.191(b) provides that "every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days." The sixty-day limit begins to run from the date of demand regardless of a defendant's custody status. Carter v. State, 509 So. 2d 1126, 1128 (Fla. 5th DCA 1987). Accordingly, whether Cornelius had been arrested in this case was irrelevant to the trial court's analysis of his speedy trial demand.

Although the trial court's reasoning was wrong, our analysis does not end here, because the demand was filed by Cornelius while he was represented by counsel. Courts

4

have adopted the general rule, with limited exceptions not applicable here,[3] that a pro se pleading is a nullity and must be stricken if it is filed while the defendant is represented by counsel. See Logan v. State, 846 So. 2d 472, 476 (Fla. 2003); Craven, 955 So. 2d at 1183; Sams v. State, 849 So. 2d 1172, 1174 (Fla. 3d DCA 2003); Booker v. State, 807 So. 2d 800, 801 (Fla. 1st DCA 2002); Lewis, 766 So. 2d at 289. Courts sometimes consider "nullity rule" to be an appropriate moniker. See Sheppard, 17 So. 3d at 280. A motion by the State to strike a pro se pleading is not a prerequisite to application of the nullity rule. See Prevatt v. State, 776 So. 2d 1114, 1115 (Fla. 5th DCA 2001) ("Petitioner cannot be represented by counsel and at the same time elect self-representation. Accordingly, we are bound to dismiss the petition.") (internal citations omitted); Craven, 955 So. 2d at 1183 ("Such pleadings are nullities without regard to whether a motion to strike was filed.").

The nullity rule emanates from judicial recognition that criminal defendants are generally not entitled to hybrid representation by counsel and themselves. See Sheppard, 17 So. 3d at 279 ("[A] defendant has no Sixth Amendment right to simultaneously proceed pro se and with legal representation."). This rule applies to demands for speedy trial and attendant notices of expiration and motions for discharge.

---

[3] See, e.g., Sheppard v. State, 17 So. 3d 275, 277 (Fla. 2009); Finfrock v. State, 84 So. 3d 431, 433-34 (Fla. 2d DCA 2012); Echeverria v. State, 33 So. 3d 802, 803 (Fla. 1st DCA 2010); Burns v. State, 50 So. 3d 744, 746 (Fla. 2d DCA 2010) (holding that a represented defendant's pro se filing is not a nullity when the motion alleges an adversarial relationship between defendant and counsel); Smith v. State, 21 So. 3d 72, 74 (Fla. 1st DCA 2009) (holding that there is a limited exception to the rule where a represented defendant's pro se motion is based on allegations of an adversarial relationship between defendant and counsel); Murray v. State, 1 So. 3d 407, 408 (Fla. 2d DCA 2009) (noting an exception in a represented defendant's pro se motion that unequivocally seeks to discharge counsel); Lewis v. State, 766 So. 2d 288, 289 (Fla. 4th DCA 2000).

See Smith v. State, 758 So. 2d 741, 742 (Fla. 5th DCA 2000); Salser v. State, 582 So. 2d 12, 14 (Fla. 5th DCA 1991); State v. Templar-O'Brien, 173 So. 3d 1129, 1132 (Fla. 2d DCA 2015) ("A pro se notice of expiration of speedy trial period and a motion for discharge filed while represented by counsel are nullities, having no legal force or effect."); Harden v. State, 152 So. 3d 626, 627 (Fla. 3d DCA 2014) ("[A] *pro se* demand for speedy trial that has not been adopted by the defendant's counsel cannot be entertained on the merits."); Craven, 955 So. 2d at 1183; Sams, 849 So. 2d at 1174 (holding that the defendant's pro se demand for speedy trial and motions to dismiss and discharge filed pursuant to rule 3.191(b) were each a "nullity" because the pleadings were filed while the defendant was represented by counsel); Thompson v. State, 615 So. 2d 737, 741 (Fla. 1st DCA 1993) ("This court has frequently held that a *pro se* motion for discharge filed when the defendant was represented by counsel is a nullity, having no legal force or effect."); Beverly v. State, 516 So. 2d 30, 31 (Fla. 1st DCA 1987). Pursuant to the nullity rule, the trial court should have stricken Cornelius's pro se demand for speedy trial as a nullity and never considered it further. Thus, the trial court properly struck the demand for speedy trial filed by Cornelius, albeit for the wrong reason. See Marquardt v. State, 156 So. 3d 464, 482 (Fla. 2015) (holding that, pursuant to the "tipsy coachman" doctrine, "if the trial court reached the correct result based on the wrong reason, the ruling may be affirmed").

Implicitly recognizing that the nullity rule portends an impediment to the relief Cornelius requests, his counsel attempts to adopt the demand and other pro se pleadings for the first time in this court. She argues that we should look away from the date-of-adoption rule in Craven and hold that the pertinent date relates back to the initial filing of

the pro se pleadings. Cornelius would then be able to argue that he is entitled to discharge because he was not brought to trial within the time limitations of the speedy trial rule.

We recognize that counsel may breathe life into unauthorized pro se pleadings by adopting them. Logan, 846 So. 2d at 475; Harden, 152 So. 3d at 627; Sams, 849 So. 2d at 1174. However, adoption of the pro se demand and the other pleadings should be a matter that is presented to the trial court. Golden v. State, 84 So. 3d 396, 398 (Fla. 1st DCA 2012); Craven, 955 So. 2d at 1184. Florida Rule of Criminal Procedure 3.191 provides that the trial court must comply with certain time requirements, which necessarily requires that the trial court know that a demand has been made. For example, the trial court must hold a calendar call within five days and timely set the trial date. Fla. R. Crim. P. 3.191(b)(1)-(2). Adoption in this court may thwart that procedural process and prevent proper compliance with the rule by triggering the start of time periods before the trial court is made aware of what has transpired.

As to the relation-back argument, the courts have held that if the trial court permits counsel to adopt a pro se pleading, the effective date should be the date of adoption rather than the date the pleading was initially filed by the defendant. In Craven, the Fourth District Court held that "in the context of *pro se* speedy trial pleadings, if the trial court permits defense counsel to adopt the *pro se* pleadings, the effective date should be the actual date of adoption, not the date on which the unauthorized pleadings were filed." 955 So. 2d at 1184; see also Isla v. State, 185 So. 3d 695, 695 (Fla. 5th DCA 2016) (affirming based on the tenet outlined in Golden, 84 So. 3d at 398); Golden, 84 So. 3d at 398 ("Assuming arguendo that the trial court properly allowed Golden's counsel to adopt

the pro se motion, the effective date of an adopted pro se motion is the date it is adopted and not the initial date the unauthorized pleading was filed."). The courts reject the relation-back argument, reasoning that it "would swallow the 'nullity' rule by forcing the state to respond to a *pro se* 'Notice of Expiration of Speedy Trial Period' as if it had been filed by counsel or risk losing the 15-day recapture period provided by the criminal procedure rules." Craven, 955 So. 2d at 1184. Therefore, the effective date of any adopted pleadings in this case would be the date of adoption, not the date of initial filing.

Both parties request that if we deny the petition, the denial should be without prejudice so counsel for Cornelius may attempt to have the trial court address the adoption issue. The petition for writ of prohibition is therefore denied without prejudice for defense counsel to file a demand for speedy trial in the trial court or seek adoption in the trial court of the pleadings filed by Cornelius.

PETITION DENIED.

EVANDER and WALLIS, JJ., concur.

8