# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1980
LT Case No. 2020-102496-CFDL

_____

DERRICK L. MATHIS, JR.,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Eddie J. Bell, of Law Office of Eddie J. Bell, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Allison L.
Morris, Assistant Attorney General, Daytona Beach, for
Appellee.

June 7, 2024

HARRIS, J.

 Appellant, Derrick L. Mathis, Jr., appeals his judgment and
sentence entered against him after entering a no contest plea,
arguing the trial court erred by failing to treat his pro se motion to
supplement as an amendment to his motion to withdraw plea and
in summarily denying both motions without determining whether

a *Sheppard*[1] hearing was warranted. We affirm the judgment and sentence but reverse the orders striking the motion to withdraw plea and dismissing the motion to supplement. We remand for the trial court to follow the procedures articulated in *Sheppard*.

The State originally charged Appellant by information with one count of home invasion robbery with a firearm or deadly weapon (count one), five counts of kidnapping with intent to commit or facilitate the commission of a felony (counts two through six), and one count of possession of a firearm by a convicted felon (count seven).

The State subsequently offered to amend the kidnapping counts in the information to false imprisonment so the court could sentence Appellant to 35–40 years rather than life in prison. The offer waived PRR status and resolved Appellant's other outstanding cases. Appellant accepted the State's offer and entered an open no contest plea. After conducting a plea colloquy and determining Appellant entered the plea voluntarily, the court adjudicated Appellant guilty and sentenced him to 35 years' imprisonment on count one with a 10-year minimum mandatory, five years' imprisonment on the amended false imprisonment counts, and fifteen years' imprisonment on the possession of a firearm count with a three-year minimum mandatory, all to run concurrently. The court also sentenced Appellant in his other cases, all running concurrent with the sentences in the instant case.

A week after sentencing, Appellant filed a pro se "Motion to Inform the Court," in which he indicated he wished to withdraw his plea. The trial court properly treated this filing as a motion to withdraw plea. Approximately four months later but before the court ruled on the motion to withdraw plea, Appellant filed a pro se "Motion to Supplement Record," which requested that the court accept the motion as a supplement to his previous motion to withdraw plea. In the motion, Appellant alleged he was led to believe he would lose at trial based on defense counsel's statement that the State would "coerce the victim in what to say" and that

---

[1] *Sheppard v. State*, 17 So. 3d 275 (Fla. 2009).

2

counsel misinformed him that there was "no way around the witness."

The trial court dismissed Appellant's motion to supplement, finding it was untimely because it was filed more than thirty days after rendition of the sentence. That same day, the court also entered its Order Striking Motion to Withdraw Plea. It struck the motion to withdraw plea as a nullity, citing Florida Rule of Criminal Procedure 3.111(e), because the time for appeal had not expired nor had an appeal been filed, and Appellant was still represented by counsel. It further found that the motion did not contain "specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea," citing *Sheppard*, 17 So. 3d at 277. Accordingly, the court found the "motions are unauthorized and stricken as a legal nullity," and "are facially insufficient and subject to summary denial." This appeal followed.

A trial court's summary denial of a motion to withdraw a plea after sentencing is reviewed for abuse of discretion. *See Ingraham v. State*, 248 So. 3d 153, 154 (Fla. 4th DCA 2018). The initial inquiry of whether the motion's allegations give rise to an adversarial relationship is reviewed de novo. *See Howard v. State*, 276 So. 3d 965, 967 (Fla. 1st DCA 2019).

Florida Rule of Criminal Procedure 3.170(l), which governs post-sentencing motions to withdraw pleas, provides:

> A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)–(e) except as provided by law.

Generally, pro se filings by defendants who have representation are a nullity and have no legal force or effect. *See Logan v. State*, 846 So. 2d 472 (Fla. 2003). However, "a limited exception to the rule of striking pro se pleadings as nullities exists where a defendant files a pro se motion to withdraw a plea pursuant to rule

3

3.170(l), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of a plea." *Sheppard*, 17 So. 3d at 277. In these circumstances, the trial court must hold a limited hearing at which the defendant, defense counsel, and the State are present, to determine whether an adversarial relationship exists between the defendant and defense counsel that would entitle the defendant to appointment of conflict-free counsel, unless the record conclusively refutes the defendant's allegations. *Id.* at 287. If the trial court determines from the hearing that an adversarial relationship exists, it must discharge counsel or permit counsel to withdraw and appoint conflict-free counsel to represent the defendant on his motion to withdraw plea. *Id.*

Appellant argues the trial court erred in treating his motion to withdraw plea and motion to supplement as unrelated pleadings and in summarily denying both motions. He notes that in his motion to supplement, he asserted that his attorney misadvised him, which indicated an adversarial relationship or conflict with his trial counsel. We agree with Appellant that pursuant to *Davis v. State*, 126 So. 3d 1257 (Fla. 2d DCA 2013), the trial court should have construed his motion to supplement as an amendment to the motion to withdraw plea, in which case it would have been timely.

If after reviewing the motions together the trial court finds allegations that would give rise to an adversarial relationship, then Appellant would be entitled to a *Sheppard* hearing. *See Sheppard*, 17 So. 3d at 286 (identifying three examples of allegations which could give rise to adversarial relationship: (1) counsel misadvised defendant; (2) counsel misrepresented terms of the plea; or (3) counsel coerced defendant into accepting the plea); *Jones v. State*, 230 So. 3d 20, 22 (Fla. 4th DCA 2017) (reversing and remanding for new hearing on motion to withdraw plea and for court to appoint conflict-free counsel where adversarial relationship was "obvious" from allegation that counsel misadvised defendant about strength of his case, including failing to inform him of available defense and about inconclusive DNA results).

Accordingly, we reverse the orders striking the motion to withdraw plea and dismissing the motion to supplement and

4

remand for the trial court to review the motion to withdraw plea, as supplemented, and if legally sufficient then to follow the procedures articulated in *Sheppard*.

REVERSED and REMANDED with instructions.

MAKAR, J., concurs.
SOUD, J., dissents with an opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

5

Soud, J., dissenting.

I respectfully dissent.

Appellant Derrick Mathis filed his pro se "Motion to Inform the Court," which the trial court construed as a Motion to Withdraw Plea After Sentencing under Florida Rule of Criminal Procedure 3.170(l). Mathis sought to withdraw his plea simply because he "has reconsidered his decision and found it to be least favorable and unfit for challenging on appeal." Mathis then attempted to "formally notif[y] the Court that his plea deal is, by all intentions, to be considered withdrawn."

Importantly, when he filed this pro se motion seven days after rendition of sentence,[2] he was still represented by trial counsel. *See Sharp v. State*, 884 So. 2d 510, 511 (Fla. 2d DCA 2004). Mathis did not seek to discharge counsel, did not in any way whatsoever assert an adversarial relationship with trial counsel, and counsel never adopted the motion. Therefore, Mathis's motion was a legal nullity. *See id.* at 511–12.

Some 105 days after his pro se motion—and before the trial court ruled on the construed Rule 3.170(l) motion—Mathis filed his "Motion to Supplement Record," which bears utterly no resemblance to his original filing. Rather, Mathis asserted an entirely new basis for his expressed intention to withdraw his plea: that his counsel advised there was "no way around" an unfavorable witness, which Mathis contends was erroneous.

Mathis's supplemental filing, as was his first, is of no legal force or effect. While his first pro se motion was filed within the

---

[2] A motion to withdraw plea after sentencing must be filed within thirty days after rendition of the sentence. *See* Fla. R. Crim. P. 3.170(l). Grounds properly raised in such a motion are limited to those set forth in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) unless otherwise provided by law.

time required by law, it was never adopted by counsel. Thus, when the thirty days required by Rule 3.170(l) expired, the pro se filing was procedurally dead—and no opportunity remained for counsel to breathe life into it by adoption. *See Golden v State*, 84 So. 3d 396, 398 (Fla. 1st DCA 2012) (quoting *State v. Craven*, 955 So. 2d 1182, 1184 (Fla. 4th DCA 2007) (explaining that to allow trial counsel to adopt a pro se motion to withdraw plea after the 30-day limit passes "would swallow the 'nullity' rule")). Likewise, with the expiration of the thirty-day limit, any opportunity for Mathis to file a supplemental motion alleging misadvice of counsel (and possibly trigger a *Sheppard*[3] hearing) was lost. Simply stated, after the thirty-day time limit passed, there existed no motion for Mathis to "supplement."

Even assuming *arguendo* Mathis's motion to withdraw plea after sentencing was not a nullity, this new ground was untimely because it was raised for the first time well outside the thirty days permitted for a motion to withdraw plea after sentencing. *See* Fla. R. Crim. P. 3.170(l). While Rule 3.170(l) contains no procedures for amending a motion to withdraw plea after sentencing, a defendant, whether counseled or permissibly proceeding pro se, must include in a timely filed motion all grounds he then believes give rise to withdrawal of his plea. *Cf.* Fla. R. Crim. P. 3.850(e) ("New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)."). Mathis's failure to raise the alleged misadvice of counsel within the timeframe required by the applicable rule is fatal to his motion in this case.

Therefore, I would affirm the trial court's disposition in this matter.

---

[3] *See Sheppard v. State*, 17 So. 3d 275 (Fla. 2009).